## RUTHERFORD *v.* THE PENN. MUT. LIFE INS. CO.

*(Circuit Court, E. D. Missouri.* March 12, 1880.)

PRACTICE — SUPERSEDEAS — MOTION FOR A NEW TRIAL — SECTION 1007, REV. ST., CONSTRUED.—A writ of error will operate as a *supersedeas,* under section 1007 of the Rev. St., if duly served "within 60 days, Sundays exclusive," after a motion for a new trial has been overruled.

*A. R. Taylor,* for plaintiff.

*W. H. Clopton,* for defendant.

McCRARY, J., (*orally.*)  This case presents a question of practice of some importance, in its application to this case as well as others; but it is one upon which I have no difficulty. The question is whether the defendant here has lost its right to a *supersedeas* on account of the delay which has occurred since the trial of the case.

The statute (Rev. St. § 1007) provides that "in any case where a writ of error may be a *supersedeas,* the defendant may obtain such *supersedeas* by serving the writ of error, by lodging a copy thereof for the adverse party in the clerk's office, where the record remains, within 60 days, Sundays exclusive, after the rendering of the judgment complained of, and giving the security required by law on the issuing of the citation.  *  *  *"  And the question arises upon the meaning of the words "within 60 days, Sundays exclusive, after the rendering of the judgment complained of."

I apprehend that the statute ought to be construed so as to commence the time from the final judgment.  In this court there was a motion made for a new trial in this case, and the order of the court was made suspending the execution until the determination of that motion.  The motion for a new trial was made in pursuance of the right which is given by the statute in section 726.  I have no doubt of the right of any party to have a motion for a new trial heard under this section: "All of the said courts shall have power to grant new trials, in cases where there has been a trial by jury, for reasons for which new trials have usually been granted in the courts of law."  In the trial of causes it often happens that in the hurry of the trial questions arise which

the court is obliged to pass upon without that consideration which is desirable; and the policy of the law is always to provide ample means to a review or reconsideration of the questions which may arise in the course of a jury trial, and to reserve to the court a right, upon a reconsideration, to set aside the judgment or modify it, if the ends of justice and the law seem to require it. Therefore, I think that, under section 726, the party had a right to make his motion for a new trial.

But there is another section that has been called to my attention—section 987 of the Revised Statutes. This section still further provides for motions of this character, and it applies to the case where a party is not prepared at the time of trial so immediately file his motion. It provides for giving time within which that may be done. It says: "When a circuit court enters judgment in a civil action, either upon a verdict or on a finding of the court upon the facts, in cases where such finding is allowed execution may, on motion of either party, at the discretion of the court, and on such considerations for the security of the adverse party as it may judge proper, be stayed 42 days from the time of entering judgment, to give time to file in the clerk's office of said court a petition for a new trial." * * * * And then follows a provision, that "if such petition is filed within said term of 42 days, with a certificate thereon from any judge of such court that he allows it to be filed, which certificate he may make or refuse, at his discretion, execution shall, of course, be further stayed to the next session of said court. If a new trial be granted, the former judgment shall be thereby rendered void."

Now this is not the only section under which the party can apply for a new trial. His right to apply is independent of this section. This provides for a case where he desires to obtain from the court an extension of the usual time within which to make his application for a new trial; and in that case, where he gets such time merely to apply, he must show that he has presented his petition, and that it has been allowed in accordance with the provisions of the section; but

if he makes his motion for a new trial without asking for the time, then he can make it independent of section 987, and is not bound by the provisions of that section. In other words, the court had a perfect right to entertain the motion for a new trial; it did entertain it, and suspended the execution until it should be determined.

Now the judgment cannot be said to have been finally rendered until the determination of the motion for a new trial in this case. That is very clear, when it is considered that the motion might have been sustained as well as overruled, and in that case the effect of the action of the court would have been as if there had been no judgment, or it had been the other way. And, if the doctrine contended for by the plaintiff should be sustained, it might result that there would be a case pending in the supreme court on appeal from a judgment which was never rendered, in point of fact, in this court. The construction of section 987 will illustrate what I have said upon this point. Under that section, where a party applies for time to file his application for a new trial, the motion, as you will perceive, may be granted at the next term; and the extension shall, of course, be further stayed until the next session of the court, if the party is allowed to file his petition. Now, suppose in the meantime he has taken his writ of error and gone to the supreme court, and has obtained, perhaps, a hearing and decision in the supreme court, and after all that a motion for new trial comes up in the court below and is sustained.

It is manifest that such is not the intention; in other words, it would be an anomaly to provide for an appeal or writ of error from a suspended or inoperative judgment. I think it is fair, although it is a liberal construction of the statute, to say that the time begins to run from the day when the motion for a new trial is overruled; and that is the construction I give it in a case where the application has been made in time, and execution suspended. Of course, if I am wrong, a motion to set aside the *supersedeas* can be made in the supreme court, I apprehend, and the question there be finally determined.

You may present your bond, and the court will pass upon the sufficiency of the sureties.

Citing—*Silsby* v. *Foote*, 20 How. 290; *Brockett* v. *Brockett*, 2 How. 238; *Green* v. *Van Buskirk*, 5 Wall. 307; *Telegraph Co.* v. *Eyser*, 19 Wall. 419; *Sage* v. *Central Railroad*, 93 U. S. 412–417; *Kitchen* v. *Randolph*, 93 U. S. 86; *Cambuston* v. *United States*, 95 U. S. 285.