## BROWN v. EVANS.[1]

(*Circuit Court, D. Nevada.* February 5, 1883.)

1. MOTION FOR NEW TRIAL NO WAIVER.
   A motion for a new trial is not a waiver of a writ of error.
2. JUDGMENT, WHEN FINAL, PENDING MOTION.
   Where a motion for a new trial has been made, and entertained by the court, the judgment in the case does not become final and effectual, for purposes of review before the supreme court, until the date of the order of court overruling such motion.
3. SUPERSEDEAS.
   A writ of error may serve as a *supersedeas*, if duly served within 60 days, Sundays exclusive, from the date of an order made denying a motion for a new trial.
4. EXECUTION, WHEN RECALLED.
   Where an execution has been prematurely issued, it will be recalled upon motion made for that purpose.

Motion to Recall Execution.

*R. M. Clarke* and *N. Soderberg*, for the motion.

*R. H. Lindsey* and *W. E. F. Deal*, contra.

SABIN, J.    This is a motion made by defendant to recall an execution issued in this action, February 8, 1883, upon the ground that the same was prematurely and improvidently issued.   The defendant tenders a *supersedeas* bond, in double the amount of the judgment herein, with good and sufficient sureties, as admitted by plaintiff's counsel, and advises the court of his purpose of suing out a writ of error in this action, which may serve as a *supersedeas* in this court, as soon as his bill of exceptions is settled and allowed, and of giving the security required, to the end that the case may be reviewed in the supreme court.

On the eleventh of November, 1882, at the present term of court, judgment was duly entered in this action against the defendant, upon the verdict of a jury rendered on that day in favor of plaintiff for the sum of $8,150.87, and costs.   On the sixteenth of November, 1882, defendant filed in court a notice of motion for a new trial, and thereupon the court, on motion of defendant, on said day, entered an order staying execution upon the judgment pending said motion for a new trial.   On the fifth of February, 1883, the court denied the motion for a new trial.

The real contention in this matter is this: When does the time— the 60 days given by statute—within which defendant must serve and file his writ of error in order that it may serve as a *supesedeas*, begin to run? If, as defendant contends, the time begins to run, in cases where a motion for a new trial is made, only from the date of the decision of such motion by the court, then the execution in this case may have been prematurely issued,—the motion for a new trial

---

[1] From 8th Sawyer.

having been decided on the fifth of February, 1883, and the execution issued on the eighth of the same month.

Section 1007 of the Revised Statutes provides that in "cases where a writ of error may be a *supersedeas*, execution shall not issue until the expiration of ten days" from the rendering of the judgment. On the other hand, if, as contended by plaintiff's attorneys, the time begins to run from the date of the entry of final judgment, notwithstanding the pendency of a motion for a new trial, and the final order or decision of court thereon, then the execution in this case was not prematurely issued, since 89 days had elapsed from the date of the entry of judgment and the issuance of execution thereon. If this be the correct interpretation of the law, this motion should be denied, since it has been repeatedly held by the supreme court that the writ of error, to serve as a *supersedeas*, *must* be filed with the clerk in the manner and within the time by statute provided, and that the supreme court cannot extend or enlarge that time; and this, as well under the act of 1875 relative to writs of error and appeals, as under the act of 1872, and the judiciary act of 1789. In *Kitchen* v. *Randolph*, 93 U. S. 86, decided in 1876, the court says:

"We are, therefore, of the opinion that, under the law as it now stands, the service of a writ of error or the perfection of an appeal within sixty days, Sundays exclusive, after the *rendering* of the judgment or the *passing* of the decree complained of, is an indispensable prerequisite to a *supersedeas*, and that it is not within the power of a justice or judge of the appellate court to grant a stay of process on the judgment or decree, if this has not been done." 93 U. S. 86; Id. 412; 7 Wall. 574; 12 How. 387; 6 How. 113; Phil. Sup. Ct. Pr. 104.

In this case, the bill of exceptions not having been yet settled, no writ of error has been filed with the clerk, or citation issued, and no steps taken towards suing out a writ of error, other then the preparation and tender of a *supersedeas* bond, as above stated. If, then, irrespective of the pendency of a motion for a new trial, and the suspension of the judgment pending the motion, the defendant must serve and file his writ of error within 60 days from the date of entry of judgment, in order that it may serve as a *supersedeas*, the plaintiff is entitled to his execution, and to enforce his judgment, even though the defendant should prosecute his writ of error within the two years, as provided in section 1008 of the Revised Statutes.

I do not find, nor have I been referred by counsel, to any decisions of the supreme court directly covering the point involved in this motion. There are, however, numerous decisions of that court analogous to the case at bar, and which may guide us to a correct solution of the matter.

It may be proper, first, to refer to the sections of the Revised Statutes relative to new trials and appeals. Section 726 of the Revised Statutes reads: "All of said [United States] courts shall have power to grant new trials, in cases where there has been a trial by jury, for reasons for which new trials have usually been granted in courts of

law." This section clearly gives the defendant the right to move for a new trial. Section 987 provides the mode and manner of procedure on motion for a new trial, and stay of execution, full and ample, should the defendant wish to avail himself of it. And it further declares: "If a new trial be granted, the former judgment shall be rendered void." It may be observed that, in this case, the defendant did not proceed strictly under this section of the statute in prosecuting his motion for a new trial. Section 1007 provides the manner in which a defendant may obtain a *supersedeas;* fixes the time within which a writ of error must be served and security given, and provides that in "cases where writ of error may be a *supersedeas,* execution shall not issue until the expiration of ten days."

We have seen that, in order for a defendant to avail himself of the provisions of section 1007 and obtain a *supersedeas,* he must serve and lodge his writ of error in the manner and within the time prescribed therefor. If he fail to do so, his right to a *supersedeas* is lost, both in this and in the supreme court. A motion for a new trial, however, is not a waiver of a writ of error. This is held in 6 How. 284, where the court says: "The motion for a new trial was not a waiver of a writ of error. In some of the circuits there is a rule to this effect. But effect could be given to that rule only by requiring a party to waive on the record a writ of error before his motion is heard. In the greater part of the circuits no such rule exists."

No such rule obtains in this circuit. Rule 29 of this circuit is as follows: "A motion for a new trial shall *not* be deemed a waiver of any bill of exceptions taken; but a writ of error or appeal taken, pending a motion for a new trial, or application for rehearing, shall be deemed a waiver of such motion or application."

The first clause of this rule negatives the idea that a motion for a new trial is a waiver of a writ of error, since it saves the "bill of exceptions taken," which would be of no significance were the writ of error denied. The last clause of the rule prevents the anomaly arising, of a lower court still entertaining a motion for a new trial, or a rehearing, in a case where a writ of error, or an appeal, had removed the case and deprived the court of jurisdiction; or the still greater anomaly, should the lower court exercise jurisdiction of the motion pending the re-examination or appeal, that a case might be before the supreme court for review, when the judgment or decree below had been wholly vacated. I have noticed this point at some length, since it was urged by plaintiff, on the argument of this motion, that a motion for a new trial waived a writ of error or appeal.

As already observed, the right to move for a new trial is conferred by statute. It is a substantial and an important right, and may not be denied to one asking therefor. And a party has a right to the decision of the court on his motion, even though he might not be able to urge the adverse ruling of the court upon his motion as error, in case it was erroneous, before the supreme court. The ruling

of the court might be in his favor and a new trial granted, and he be thereby saved the expense and delay of his writ of error or appeal, to correct that of which he felt aggrieved in the judgment or decree.

Sections 691, 692, Rev. St., provide for the re-examination by the supreme court of *final* judgments and decrees of the circuit courts, or of the district courts acting as circuit courts. From these sections it will be seen that only final judgments or decrees can be reviewed by the supreme court.

Volumes have been written defining what are *final* judgments and decrees, and the definitions given have not always been clear or in harmony with each other. This is especially true of decrees in equity. It would seem that there should be little difficulty in defining what is a final judgment in an action at law, since in these cases, when a trial is concluded and a verdict rendered, the law itself determines what the judgment shall be, in any given case. The proper judgment, upon a verdict, follows as a matter of law, and is entered as of course, unless stayed by the interposition of the court. And this is the question which is decisive of this motion: Was this judgment, entered November 11, 1882, final for the purposes of review, within the meaning of the statute, pending the motion for a new trial made and entertained by the court? It may be conceded that it was final in form and character, and that it settled the issues raised by the pleadings. But was it, so long as it remained wholly subject to the control and future order of the court, final *in effect?* It might become final for all purposes by lapse of time; by the expiration of the term of court at which it was rendered, no order having been made by the court continuing its power over it; or by the failure of the defendant to avail himself of his writ of error within the time limited therefor. But *in* this case, where the defendant, within the proper time, filed his notice of motion for a new trial, which motion the court entertained, and stayed execution upon the judgment pending the motion, can it be said that the judgment, so suspended, and liable to be vacated, was final? While thus suspended, the judgment had no force or vitality, beyond the fact that, by law, it became a lien upon the realty of the defendant within the district from date of entry and docketing. It is difficult to conceive of a judgment as final and conclusive, for all purposes, when we concede that it is subject to be vacated, set at naught, and the controversy opened for readjudication.

While I find no decisions of the supreme court touching the point as to when a judgment becomes final for the purposes of review, pending a motion for a new trial, yet there are numerous decisions of that court, in reference to decrees in equity, and when they become final, where motions or petitions have been filed, and entertained, for opening or modifying those decrees. In *Brockett* v. *Brockett,* 2 How. 240, the court decided that where a motion was made to open a decree for certain purposes, and entertained by the court, that the decree was suspended, pending the decision of the court upon the

motion; that the decree, though final, did not take effect until the dicision of the court upon the motion; and that the time within which an appeal must be taken commenced from the date of the order of the court upon the motion, and not from the passing of the final decree. In this case the decree was not in any manner modified, the motion therefor having been denied.

This decision was rendered in 1844, and has been repeatedly affirmed in subsequent cases. In 14 How. 1, the court, referring to this decision in 2 How. 240, says:

"In that case, before any appeal was taken, a petition was filed to open the decree for certain purposes, and the court referred it to a commissioner to examine and report on the matters stated in the petition. Upon his report the court refused to open the decree, and the party thereupon appealed from this refusal, as well as the original decree, and gave bond with sufficient security to prosecute the appeal. The bond was given within ten days after the refusal of the motion, but was more than a month after the original decree. And the court held that this appeal was well taken; not because an appeal will lie from the refusal of a motion to open a decree and grant a rehearing, but because the court regarded the original decree as suspended by the action of the court on the motion, and that it was not effectual and final until the motion was overruled."

(At that time parties were limited to 10 instead of 60 days, as now prevails, within which to perfect appeals, etc.)

In *Railroad Co.* v. *Bradleys,* 7 Wall. 575, this same question, as to when a final decree becomes such for the purposes of an appeal, is discussed. In that case final decree was rendered February 6, 1869. Between that date and the fifteenth of the same month various motions were made in reference to the decree, by different parties interested therein. The court says:

"We do not think it necessary to consider the effect of either of these proceedings, for on the sixth of March, and, as we understand, during the term at which the decree was rendered, a motion to rescind was made, in behalf of the complainants, and was heard and decided. There is no doubt that during the term the decree was at all times subject to be rescinded or modified upon motion, and could not, therefore, be regarded as absolutely final until the end of the term. It became final, in this case, when the motion to rescind had been heard and denied. This took place on the thirteenth of March, and on the twentieth an appeal was prayed in open court, and on the twenty-third the bond of appeal was approved and filed. We think this was in time, and the motion for *supersedeas* must be allowed."

It is contended by plaintiff's counsel that there is an essential difference in the rule as to when a judgment at law and a decree in equity become final for the purposes of review, where a motion for a new trial has been made in the one case, or a petition or motion for a rehearing or modification of the decree in the other. If there is such difference, I regret that it was not more clearly demonstrated upon the argument of this motion, and that I am unable to distinguish that difference. I perceive no reason why any distinction should or can be made. If a motion to modify or rescind a decree suspends that

decree until the decision of that motion, and the decree becomes "effectual and final" only from the date of such decision, it is difficult to see why the same rule shall not obtain in judgments at law, where a motion for a new trial has been made and entertained by the court. The reasons that apply in the one case have equal force in the other. In each the defendant seeks to relieve himself from the effect of a decree or judgment at which he feels aggrieved.

The power of a court over a decree is no greater than is that power over a judgment. Either may, in proper cases, be wholly vacated and set aside. It would seem an inconsistent, unequal administration of justice which should give to a party appealing from a decree a more liberal rule, a longer time within which to effect his appeal and save all of his rights thereunder, than is given to a party in an action at law, seeking virtually the same relief, by his writ of error.

Section 1012 of the Revised Statutes provides that "appeals from circuit courts * * * shall be subject to the same rules, regulations, and restrictions as are or may be prescribed in law cases of writs of error."

Now, the supreme court has given us the rule which shall prevail in reference to when decrees shall become "effectual and final," for the purposes of an appeal. Giving, then, section 1012, Rev. St., effect, we are forced to the conclusion that in judgments at law, where a motion has been duly made for a new trial, and entertained by the court, the judgment is suspended, for the purposes of a writ of error, pending the decision upon the motion, and that it does not become effectual and final, for the purposes of review, until the motion is overruled. This must be so if "the same rules, regulations, and restrictions" are to apply to appeals and to writs of error. 14 How. 1; 7 Wall. 578. It follows, therefore, in this case, that the judgment entered November 11, 1882, did not become "effectual and final" for the purposes of review until the fifth of February, 1883, when the motion for a new trial was denied. This being so, the defendant may serve and lodge his writ of error, serve his citation, and give the security within 60 days, Sundays exclusive, from February 5, 1883. And as, in this case, the writ of error may be a *supersedeas*, execution should not have issued upon the judgment for 10 days from February 5, 1883. Having been issued on the eighth of February, it was, therefore, prematurely issued, and should be recalled.

In *Rutherford* v. *Penn. Mut. F. Ins. Co.* 1 FED. REP. 456, in the eighth circuit, McCRARY, J., it is distinctly held that "a writ of error will operate as a *supersedeas* if duly served within sixty days, Sundays exclusive, after a motion for a new trial has been overruled." *In re Kerosene Oil Co.* 6 Blatchf. 523, seems also to be in point, though the case is somewhat obscurely reported. See, also, *Telegraph Co.* v. *Eyser*, 19 Wall. 419, 428, as to a liberal rather than narrow construction of the act of congress of June 1, 1872, in reference to appeals.

A correct decision upon the points involved in this motion is very important to the parties interested in this case; it is not less important as establishing a rule of practice in similar cases where motions for new trials have been made and denied.

The motion of defendant is granted.