[No. 13759. In Bank. — May 16, 1891.]

THOMAS E. CURRAN, Administrator, etc., Respondent, *v.* C. P. KENNEDY et al., Executors, etc., Appellants.

Appeal from Judgment — Review of Evidence — Exception for Insufficiency. — An exception to a decision, on the ground that it is not supported by the evidence, will not be reviewed on appeal from the judgment, where the appeal is not taken within sixty days after the rendition of the judgment.

Estates of Decedents — Action against Executors of Deceased Administrator — Property Unaccounted for. — An action will lie in favor of the administrator of an estate, against the executors of a deceased administrator of the same estate, to recover the proceeds of a life insurance policy upon the life of the intestate, and the value of other personal property of the estate, collected by the deceased administrator and not accounted for to the estate.

Id. — Evidence — Contents of Insurance Policy — Admission of Pleadings — Parol Testimony — Harmless Error. — The admission of parol evidence as to the contents of an insurance policy, the contents of which are admitted by the pleadings, is a harmless error, if the testimony does not contradict any fact admitted by the pleadings.

Id. — Insurance — Incorporation — Contract — Findings. — A finding that the plaintiff's intestate had insured his life for the sum claimed with the insurance company named, described as "a corporation formed by special act of Congress of said United States," is a sufficient finding as to whether the insurance company was incorporated or had an existence, and is also a sufficient finding that the plaintiff's intestate entered into a written contract of insurance as alleged in the complaint and denied in the answer.

Id. — Receipt of Proceeds of Policy — Failure of Administrator to Account — Findings. — A finding that the administrator of the intestate's estate, in his capacity as such, and for the use of the estate, received the proceeds of the policy of insurance, and failed to account with the intestate's estate for a portion of the proceeds, is a sufficient finding upon the issue raised, as to whether or not the administrator failed to account for the sum received by him upon the policy.

Id. — Appointment of Administrator — Letters of Administration — Findings. — A finding that on a certain day letters of administration of the estate of the intestate were issued in the superior court to the plaintiff, and that said letters have not since been revoked, is a sufficient finding upon the issue as to whether an order of said court was duly given, made, and entered, appointing the plaintiff administrator of the estate of the deceased.

Appeal from a judgment of the Superior Court of the city and county of San Francisco.

The facts are stated in the opinion of the court. The witness James R. Garness, referred to in the opinion, testified orally, against the objection of the defendant, to the amount and name stated in the policy, and produced in evidence a printed form which he testified was the same as the printed part of the original policy, and was the customary blank policy.

*Charles F. Hanlon*, for Appellants.

*James Gartlan*, for Respondent.

SHARPSTEIN, J.— The plaintiff, as administrator of the estate of Thomas Cushing, deceased, sues the defendants as executors of the last will and testament of Phillip Kennedy, deceased, and alleges, in substance, that said Phillip Kennedy, in his lifetime, was the duly appointed administrator of the estate of said Thomas Cushing, deceased, and that said Phillip Kennedy, as such administrator, received $2,670.93 from the National Life Insurance Company of the United States of America on a policy of insurance upon the life of Thomas Cushing, for which he, said Phillip Kennedy, never accounted to the estate of said Thomas Cushing, and that said Phillip Kennedy died before the completion of his duties as administrator of the said estate of said Thomas Cushing.

For a separate and second cause of action, plaintiff alleges that said Phillip Kennedy, as administrator of the estate of said Thomas Cushing, received other personal property, of the appraised value of $130, for which he never accounted.

The complaint was demurred to on various grounds, and the demurrer overruled, and properly overruled, we think. A motion to strike out the amended complaint and the amendments thereto was properly denied.

Conceding that the objections to questions put to the

witness Garness should have been sustained, and that
the court erred in overruling them, the error was a
harmless one.  The witness did not contradict or vary
anything contained in the copy of the policy attached
to the complaint, which the defendants admitted to be a
true copy.

Whether the court erred in denying the defendants'
motion for a nonsuit depends upon the evidence then
before the court, and we think there was sufficient to
justify the order denying said motion.

The appeal was not taken within sixty days after the
rendition of the judgment, and the exception to the de-
cision, on the ground that it is not supported by the
evidence, cannot be reviewed.  (Code Civ. Proc., sec.
939.)

Appellant assigns as error the failure of the court to
find upon material issues, which are specified as follows:
" The court fails to find on the issue on the first cause
of action alleged, as to whether or not the alleged insur-
ance company was ever incorporated, or was incorpo-
rated or had an existence."

Conceding that this was a material issue, which we do
not, the court found " that Thomas Cushing, plaintiff's
intestate, had insured his life for three thousand dollars
with the National Life Insurance Company of the
United States of America, a corporation formed by spe-
cial act of Congress of said United States," which we
deem a sufficient finding upon that issue; and we think
it a sufficient finding that the said Thomas Cushing
entered into a written contract of insurance, as alleged
in the complaint and denied in the answer.  A copy of
the alleged contract was attached to the complaint, which
was admitted by the answer to be a true copy of said
contract.

Upon the issue raised by the allegation, and denied,
that Phillip Kennedy did not account for the sum re-
ceived by him upon said insurance policy, the court

found that Phillip Kennedy, in his capacity of administrator of the estate of said Cushing, and for the use of said estate, received $2,672.25, the proceeds of said policy, and failed to account with the estate of said Cushing for $2,642.25, a portion of said proceeds. We think this a sufficient finding on that issue.

The finding "that on the ninth day of July, 1887, letters of administration of the estate of said Cushing, deceased, were issued by the superior court of Marin County, state of California, to plaintiff herein; that said letters have not since been revoked," — is a sufficient finding upon the issue raised by the allegation and denial that an order of said court was duly given, made, and entered, appointing said plaintiff administrator of said estate of said Thomas Cushing, deceased.

Judgment affirmed.

De Haven, J., McFarland, J., Paterson, J., Garoutte, J., and Harrison, J., concurred.

Rehearing denied.