HARRIET ANN WATSON AND DAVID KAY, RE-SPONDENTS, *v.* ANDREW P. MAYBERRY, APPELLANT.

APPEAL—FINAL JUDGMENT—FINDING OF FACTS—LOCATION OF MINING CLAIM.

1. "Final judgment," as used in the constitution of the state (article 8, § 9), means a judgment that has terminated the litigation between the parties in the court rendering it. When a motion for a new trial has been duly made, the judgment becomes final for the purposes of an appeal when it is overruled, and

| | |
|---|---|
| 15 | 265 |
| 15 | 356 |
| 15 | 508 |
| 15 | 265 |
| 18 | 316 |
| f19 | 280 |
| 15 | 265 |
| f20 | 20 |
| 20 | 56 |
| 20 | 472 |
| 15 | 265 |
| 22 | 130 |
| 15 | 265 |
| h23 | 532 |
| 15 | 265 |
| 24 | 459 |
| 15 | 265 |
| 25 | 108 |
| 15 | 265 |
| 26 | 499 |
| 15 | 265 |
| 27 | 6 |
| 15 | 265 |
| 30 | 34 |
| 30 | 451 |
| 30 | 452 |
| 15 | 265 |
| f31 | 160 |
| e32 | 386 |
| 15 | 265 |
| 35 | 385 |

an appeal may be taken from such judgment within one year after the entry of such order, but an exception to the decision or verdict on the ground that it is not supported by the evidence cannot be reviewed on such appeal, unless taken within 60 days next after the order overruling such motion. Miner, J., dissenting, holding that an exception to the decision or verdict on the ground that it is not supported by the evidence cannot be reviewed on appeal from the judgment, unless such appeal is taken within 60 days after the rendition of the judgment, under section 3635, Comp. Laws Utah 1888.

2. An appeal from an order overruling a motion for a new trial is not allowed.

3. The appellate court will not reverse a finding of fact of the trial court without finding from the evidence in the record that there was no evidence to support the finding of the court below as to the fact, or that the finding was clearly against the weight of evidence; that it was so manifestly wrong as to leave no reasonable inference from the evidence that it was right.

4. The location of a mining claim is void when its discovery point is placed within an existing valid claim.

(No. 785.   Decided June 16, 1897.)

Appeal from the Third district court, Salt Lake county. Hon. M. L. Ritchie, *Judge.*

Action by Harriet Ann Watson and David Kay against Andrew P. Mayberry, Judgment for plaintiffs. Defendant appeals. *Affirmed.*

*Bennett, Harkness, Howat & Bradley,* for appellant.

*Charles C. Dey* and *S. H. Lewis,* for respondents.

An order overruling a motion for a new trial is not appealable. *North Point Irrigation Co.* v. *Canal Co.,* 14 Utah 155; *Eastman* v. *Gurrey,* 14 Utah 169; *Young* v. *Shellenberger,* 41 N. E. 519; *Holdsworth* v. *State,* 18 N. E. Rep. 430; *Kearney* v. *Snodgrass,* 7 Pac. 309;

*Roberts* v. *State,* 3 Tex. App. 47; *Ziter* v. *Jones,* 48 Md. 116; *Sams* v. *Hoover,* 33 S. Car. 401; *State* v. *Davenport,* 38 S. C. 349; *Mayor* v. *Schemerhorn,* 1 N. Y. 423; *Laber* v. *Cooper,* (U. S.) 7 Wall. 565; *Ry. Co.* v. *Heck,* 102 U. S. 120; *Ayers* v. *Watson,* 137 U. S. 584; *Smith* v. *Sun Print. Co.,* 55 Fed. 240; *McClellan* v. *Pyeatt,* 50 Fed. 686; *Alexandria* v. *Stabler,* 50 Fed. 689.

The evidence cannot be reviewed upon the appeal from the judgment because that appeal was not taken within sixty days from the rendition of the judgment.  Comp. Laws Utah, 1888, sec. 3635, par. 1; *Hanks* v. *Matthews,* 8 Utah 181; *Jones* v. *Ins. Co.,* 14 Utah 215; *Mogk* v. *Peterson,* 75 Cal. 496; *Turner* v. *Reynolds,* 81 Cal. 214; *Clark* v. *Gridley,* 49 Cal. 104; *Handley* v. *Figg,* 58 Cal. 578; *Formi* v. *Yoell,* 99 Cal. 173; *Bettis* v. *Townsend,* 61 Cal. 333; *Curran* v. *Kennedy,* 89 Cal. 98; *Weyl* v. *Ry. Co.,* 69 Cal. 203; *Tillman* v. *Averett,* 82 Cal. 576; *Scott* v. *Glenn,* 98 Cal. 168; *Domingues* v. *Mascotti,* 74 Cal. 269; *Greenwood* v. *Adams,* 80 Cal. 75; *Painter* v. *Painter,* 113 Cal. 371; *Fatjo* v. *Swasey,* 111 Cal. 628.

ZANE, C. J.:

The defendant applied to the United States for a patent of the Harrison mining claim, situated in West Mountain mining district, in Salt Lake county; and the plaintiffs protested, and filed an adverse claim to a part of the same ground, which they alleged was included in the Diana mining claim, owned by them; and they filed a complaint in the district court on the 28th of July, 1891, in which they alleged the facts relied upon to establish their rights.  The defendant filed an answer, in which he denied the essential allegations of the complaint, and set up the facts upon which he relied to establish his title.  On the trial of the case, all the essential facts in issue were found by the court for the defendant, except

the issue as to the discovery point of the Harrison claim. The court found the issue as to that fact for the plaintiffs, —that the discovery point of the Harrison was within the Red Rover claim. On September 30, 1896, the court rendered judgment for the plaintiffs on the findings. The defendant, in due time, entered a motion for a new trial on a statement of the case; and on December 30, 1896, the court overruled the motion, and on January 4, 1897, the defendant perfected his appeal from the judgment against him, and from the order overruling his motion for a new trial. The plaintiffs move the court to dismiss the appeal from the order overruling the motion for a new trial, because they claim that no appeal lies from such an order.

Section 3635, Comp. Laws Utah 1888, authorized appeals from numerous judgments and orders that were not final, as well as from final judgments; and section 2 of article 24 of the state constitution contains this language: "All laws of the territory of Utah, now in force, not repugnant to this constitution, shall remain in force until they expire by their own limitations, or are altered or repealed by the legislature." So much of the statute of the territory referred to as authorizes appeals from judgments and orders not final was repugnant to section 9 of article 8 of the same constitution, which limits appeals to such judgments as are final. The framers of that instrument doubtless believed such a rule would be conducive to speedy and complete justice. This rule was announced in *North Point Consol. Irr. Co.* v. *Utah & Salt Lake Canal Co.*, 14 Utah 155.

We will now consider whether a judgment on a verdict or on the finding of the court is final when rendered, for the purposes of an appeal, when the motion is filed and notice of intention is served in due time, or whether

such judgment does become final for such purposes before
the motion is overruled.  In other words, the question is:
Must the appeal in such case be taken within one year
from the rendition of the judgment, or within sixty days
from its rendition, when the exception is to the decision
or the verdict, on the ground that it is not supported by
the evidence, or within one year in the one case, or sixty
days in the other, from the date of the order overruling
the motion?  Statutes providing for appeals are remedial,
and they should be liberally construed, in furtherance of
the remedy.  *Brown* v. *Evans,* 18 Fed. 56; *Rutherford* v.
*Insurance Co.,* 1 Fed. 456; *Telegraph Co.* v. *Eyser,* 19 Wall.
419.

A judgment terminating the litigation between the
parties in the court rendering it is final.  The litigation is
not terminated while a motion for a new trial, made with-
in the time given by law, may be lawfully decided.  Until
the order granting or overruling the motion is made, it
cannot be known that the judgment is final.  If the mo-
tion is allowed, the litigation may continue.  If it is over-
ruled, the litigation is terminated, and the judgment then
becomes final.  At common law, a motion for a new
trial must be made before judgment is entered; but the
statutes of this state require the judgment to be entered
upon the verdict within 24 hours after it is returned,
unless the court orders the case to be reserved for further
consideration, or grants a stay of proceedings.  Under
the laws of this state, motions for a new trial in criminal
cases must be applied for before judgment, as at common
law; but in civil cases notice of intention to move for a
new trial must be served on the opposite party, and filed
with the clerk, within 10 days after verdict, or, when the
trial is by court or referee, within 10 days after notice of
the decision.  The provisions requiring the entry of judg-

ment immediately upon the return of the verdict, or upon the findings of the court, was enacted to secure the benefit of the judgment to the successful party, to enable a lien to be secured on defendant's property without delay. The purpose was not to prevent a review of the action of the trial court in the appellate court within a reasonable time after judgment, or after an order overruling a motion for a new trial. Divisions 1 and 2, § 3635, Comp. Laws Utah 1888, provided for appeals from final judgments, and from orders granting or refusing new trials and from any special order made after final judgment, and from various interlocutory judgments and orders.

On appeal from final judgments, exceptions to the decision or verdict on the ground that it is not supported by the evidence cannot be reviewed unless upon appeal taken within 60 days after the rendition of the judgment. But the same section gives 60 days within which to appeal from orders granting or overruling motions for new trials, and the same time for appeals from various other orders and judgments mentioned in it. As we have said, the constitution continued in force such provisions of the statutes of the territory as were not repugnant to it. That instrument only allows appeals from final judgments; but the same exceptions may be taken, and the same errors assigned thereon, under the constitution, as could have been taken and assigned under the territorial government, with a few exceptions. While the appeal is from the final judgment, all the rulings and orders of the court that could be reviewed before upon various appeals may now be reviewed upon appeal from a final judgment, with the exception of errors in granting new trials, in refusing preliminary injunctions, as possibly some others. The party appealing must file his motion for a new trial, if he wishes to make one, with the

clerk, and serve on the opposite party notice of his intention, within 10 days after verdict, or, in case of trial by the court or referee, within 10 days after notice of decision, or his right is lost. If the moving party desires a bill of exceptions or a statement, he may within the same time, or such further time as the court may allow, present it to the court, and have it settled. The opposite party has the same right to insist upon an early hearing of the motion made as the moving party has, and, if so insisted upon, no unnecessary delay, without the fault of the court, can result. A party to an action should not be required to appeal for the purpose of having the appellate court review the action of the trial court in overruling a motion for a new trial until the ruling is made. Until that time, the parties cannot know whether the motion will be granted or denied. If granted, that order cannot be reviewed. If it is not granted, the court, in deciding the motion, may convince both parties that the ruling is not erroneous, or he may remit a portion of the verdict or finding, or some modification of the judgment may be made, rendering an appeal unnecessary, in their opinion. A party should not be compelled to appeal to have an order reviewed until he knows what the order is, or until there is an order to be reviewed and reversed or affirmed. The judge cannot tell what his ruling will be upon a motion until he considers it; much less can the parties know.

If the errors in overruling a motion for a new trial are to be reviewed on appeal from the judgment on the verdict, or on the findings, in many cases it takes much time to transcribe the evidence after judgment rendered; and the motion cannot be heard upon a statement or bill of exceptions until that is done, and the statement or bill is settled. In the meantime 60 days may intervene after

judgment. In such cases, if the judgment is regarded as final for the purposes of an appeal upon its entry, the appealing party will not have 60 days within which to prepare his appeal, and to get ready for a hearing in the appellate court on the errors assigned on the order overruling his motion after it is denied, as was the case according to the law before statehood. And as to the matter of delay it may be said the judgment, when rendered on the verdict or findings, becomes a lien at once on defendant's real estate, and it may be executed at once, unless otherwise ordered by the court, or an undertaking on appeal is executed, having the effect of staying its execution, as was the case under the law before the constitutional modification. Section 3652, Comp. Laws Utah 1888, provides that "upon appeal from a judgment, the court may review the verdict or decision, or any intermediate order, if excepted to, which involves the merits or necessarily affects the judgment, except a decision or order from which an appeal might have been taken." The irregularity, misconduct, accident, or surprise, excessive damages, insufficiency of the evidence, or errors in law for which a new trial should be granted, occur or exist before or at the time the judgment is entered; while the order granting or overruling the motion for a new trial is made after the rendition of the judgment, but before it becomes final, if it should be held to become so when the motion is overruled. The motion for a new trial necessarily affects the judgment if granted. If not, it affirms it, and necessarily affects it in that way. A motion for a new trial on the ground of newly-discovered evidence, if granted, must be for the reason that evidence was not heard on the trial that, in the light of the affidavits, should have been. While the ruling upon the motion under the statutes in this state

is usually after judgment rendered, under the common law the ruling must be before. Under our statutes, we regard it as an intermediate order, and not a final judgment. If such orders are not final judgments, within the meaning of the constitution, and cannot be reviewed on appeal from the final judgment, errors committed in making them cannot be reviewed at all.

There appears to be no sufficient reason why a judgment rendered should be regarded as final, for the purposes of an appeal, before a motion for a new trial, entered within the 10 days allowed after verdict or judgment, and within the time during which an order overruling it may be properly made; while there are very cogent reasons, as we have seen, why such judgments should not be regarded as final, for the purposes of an appeal, until that time. We construe the phrase "final judgment," as used in section 9 of article 8 of the state constitution, to mean a judgment that has terminated the litigation between the parties in the court rendering it. When a motion for a new trial has been duly made, the judgment becomes final for the purposes of an appeal when it is overruled. And we hold that an appeal may be taken from such judgment within one year after the entry of such order, but that an exception to the decision or verdict, on the ground that it is not supported by the evidence, cannot be reviewed on such appeal unless taken within 60 days next after the order overruling such motion. This appeal having been taken from the judgment within 60 days after the entry of the order overruling the motion, we hold the exception to the judgment, on the ground the finding that the discovery point of the Harrison mining claim was within the Red Rover claim, can be considered. Plaintiffs' motion to dismiss this appeal from the final judgment, on the ground it

was not taken until after the expiration of 60 days after the judgment on the findings was rendered, and that the only errors relied upon for reversal are based upon exceptions to the sufficiency of the evidence to support the finding that the discovery point of the Harrison claim was within a patented claim, viz.: the Red Rover, and on the ground of newly-discovered evidence, is denied. The motion to dismiss the appeal from the order overruling the motion for a new trial is granted.

In *Brown* v. *Evans*, 18 Fed. 56, the question arose under an act of congress similar in effect to the statute of this state. The question was: When did the judgment on the verdict become final for the purpose of a *supersedeas*, and when did the 60 days given by statute for the same begin? The court held that it did not become final for such purpose until the motion for a new trial was overruled, and that the 60 days began to run at that time. In *Railway Co.* v. *Doane*, 105 Ind. 92, the court said: "A motion for a new trial is not a collateral one, but is one directly connected with the judgment, and is essential to present for review errors occurring on the trial, and, so long as it remains undisposed of, there can be no final judgment, within the meaning of the statute regulating appeals. A pending motion for a new trial keeps the cause in the trial court, provided, of course, that the motion was seasonably made." In *Rutherford* v. *Insurance Co.*, 1 Fed. 456, the court used this language: "Now, the judgment cannot be said to be finally rendered until the determination of the motion for a new trial in this case. This is very clear when it is considered that the motion might have been sustained, and in that case the effect of the action of the court would have been as if there had been no judgment or it had been the other way. And, if the

doctrine contended for by the plaintiff should be sustained, it must result that there would be a case pending in the supreme court on appeal from a judgment which was never rendered in point of fact in this court." These authorities, it is true, are law cases, and the one in hand is in equity; but the rule is established by more abundant authority in equity cases. *Memphis* v. *Brown*, 94 U. S. 715; *Railroad Co.* v. *Bradleys*, 7 Wall. 575; *Brockett* v. *Brockett*, 2 How. 238.

The remaining question is one of fact. The defendant insists that the court erred in finding the Harrison discovery was within the Red Rover claim. We cannot reverse for that reason without finding from the evidence in the record that there was no evidence to support the finding of the court below as to that fact, or that the finding was clearly against the weight of the evidence; that it was so manifestly wrong as to leave no reasonable inference from the evidence that it was right. It appears that the Red Rover claim was owned by one Moylan C. Fox, and had been patented prior to the location of the Harrison claim; that the defendant did not know of the Red Rover location when he located the Harrison; that he commenced a tunnel on the former, and posted his location notice on October 26, 1888, within about 21 feet of the mouth of that tunnel. This tunnel on the Red Rover ground the defendant designated in his testimony the "Harrison Tunnel." The defendant's testimony is very contradictory as to when he first became acquainted with the boundaries of the Red Rover. He stated on cross-examination that he was told in the summer of 1889 that his work on the tunnel might be stopped, and that he then came to Salt Lake City, and inquired of Mr. Fox about it. In view of this fact, and other evidence bearing on the point, it is not at all

probable the defendant changed the discovery point of his claim until he knew it was on the Red Rover,—until he thought the location of the discovery on that claim would render his location void. The location of a mining claim is absolutely void when its discovery point is within another valid claim. In that case the locator can treat his location as absolutely void and make another location, placing his discovery at a point where there is valuable mineral of the character described in the laws of the United States, on ground subject to location. The defendant's first attempt to locate the Harrison claim was absolutely void, because the discovery point was on a patented claim. How or when the new discovery was made and fixed does not clearly appear from the evidence. Whether the change was made before or after the plaintiffs' location, there is room for a reasonable difference of opinion. The Diana claim was located by the plaintiffs on May 28, 1890. The Harrison claim was surveyed by Wilder on 2d and 3d of December, 1890, more than six months after the location of the Diana. Wilder states the Harrison tunnel was 185 feet long; that he measured it at the time he made the official survey; and that the discovery shown him by the defendant was 21 feet from its mouth. He also says he was not shown a tunnel 16 or 19 feet long near which it is now claimed the discovery was placed. He also testified that, if it is now at any other point than 21 feet from the mouth of the long tunnel, it has been changed. Some of the courses and distances with respect to other points and objects mentioned in Wilder's survey corroborate his statement; while other courses and distances given with reference to other points and objects in evidence support the contention of the defendant that the discovery point shown Wilder by the defendant was where defend-

ant claims it was, near the cut or short tunnel. There is other evidence supporting this view. However, the evidence is so conflicting on this point that there is room for a difference of opinion among reasonable men as to which was considered the place of discovery at the time Wilder made his survey, more than six months after the plaintiffs had made their location. To avail against the plaintiffs' contest, the discovery must have been placed at a point outside of the Red Rover, and within the Diana claim, before the plaintiffs' location was made.

Finally, the defendant claims the court erred in over-ruling his motion for a new trial, in view of the newly-discovered evidence stated in his own affidavit and the affidavits of Wilder and Gorlinski. These affiants were witnesses on the trial, and they were carefully examined by counsel for the defendant, and cross-examined by counsel for the plaintiffs at considerable length. The testimony of Mayberry and Wilder on the trial was very conflicting and unsatisfactory, and, if a new trial were granted, the evidence they propose to give would add to the contradictions on the first trial. The affidavit of witness Gorlinski relates principally to surveys made since the plaintiffs' claim was located, and is not of a decisive character. The statements in the affidavits would not be at all decisive when considered with the testimony given by the same persons on the trial of the case. We find no error in overruling the defendant's motion for a new trial. The judgment of the court below is affirmed.

HART, District Judge, concurs.

MINER, J. (dissenting). I cannot concur in the opinion of the Chief Justice with reference to the time in which an appeal should be taken from a judgment. Section

3635, Comp. Laws Utah 1888, provides that "an appeal may be taken to the supreme court from the district court: (1) From a final judgment in an action or special proceeding commenced in the court in which the same is rendered, within one year after the entry of judgment. But an exception to the decision or verdict on the ground that it is not supported by the evidence, cannot be reviewed on an appeal from the judgment, unless the appeal is taken within sixty days after the rendition of the judgment." In *White* v. *Pease*, 15 Utah 170, we held that any error committed by the trial court in granting or refusing a new trial might, if embraced in a bill of exceptions or otherwise preserved in the record, be reviewed on appeal from the judgment. Section 3652, Comp. Laws Utah 1888, provides that, "upon an appeal from a judgment, the court may review the verdict or decision, or any intermediate order, if excepted to, which involves the merits or necessarily affects the judgment, except a decision or order from which an appeal might have been taken." This court has repeatedly held that an exception to the decision or verdict, on the ground that it is not supported by the evidence, cannot be reviewed on appeal from the judgment, unless such appeal is taken within sixty days after the rendition of the judgment; that an appeal from the judgment must be taken within one year from the time of the entry of judgment; and that the court cannot extend the time fixed by statute for taking an appeal. *Hanks* v. *Matthews*, 8 Utah 181, 497; *Reever* v. *White*, 8 Utah, 189; *Voorhees* v. *Manti City*, 13 Utah 435; *Brough* v. *Mighell*, 6 Utah 317; *Wey* v. *Shallenberger*, (Ohio) 41 N. E. 522; *Robinson* v. *Orr*, 16 Ohio St. 284; *Scott* v. *Glenn*, 98 Cal. 168; *Forni* v. *Yoell*, 99 Cal. 173; *Curran* v. *Kennedy*, 89 Cal. 98; *Painter* v. *Painter*, 113 Cal. 371; *Fatzo* v.

*Swasey,* 111 Cal. 628; *Greenwood* v. *Adams,* 80 Cal. 75; *Mogk* v. *Peterson,* 75 Cal. 496; *Turner* v. *Reynolds,* 81 Cal. 214; *Jones* v. *Insurance Co.,* 14 Utah 215; *Improvement Co.* v. *Beale,* (Okl.) 47 Pac. 481.

The judgment in this case was rendered September 3, 1896. The appeal was taken January 4, 1897, over 120 days after the rendition of the judgment. The appeal, not having been taken within 60 days from the time of the rendition of the judgment, should be dismissed. Section 3635 expressly declares that an appeal may be taken from a final judgment within one year after the entry of the judgment. The judgment is entered when it is docketed, and from that time it becomes a final judgment. In the other case the appeal must be taken within 60 days after the rendition of the judgment; not 60 days after final judgment, but 60 days after the rendition of the judgment. This means that the appeal must be taken within 60 days from the rendition of the judgment, as this court has repeatedly held. The judgment becomes final, for the purposes of an appeal, when it is rendered, and not when the motion for a new trial is denied. The constitution, where it provides that appeals may be taken from final judgments only, does not change or affect this portion of the statute. The legislature has fixed the time within which appeals may be taken, and this court has no power to enlarge that time.