ELON G. S. WRIGHT AND ALTHA J. WRIGHT v. ALLEN S. WRIGHT, ADM'R, AND OTHERS.

*Laches in Asserting Fraud.*

Relationship may be an excuse for laches in the enforcement of rights.

The representations of one who has been in the actual occupation and cultivation of land, and purports to speak from actual results, so far combine matters of fact with matters of opinion that a purchaser is justified in placing some reliance on them.

A sale of land was cancelled for fraud, and the decree required it to be reconveyed to the vendor's administrator. On appeal it was objected in the interest of other defendants that this was unwarranted. *Held*, that a formal objection of this sort should have been raised on the settlement of the decree below.

Appeal from Kent. Submitted June 7. Decided June 12.

BILL TO SET ASIDE A SALE for fraud. The essential facts are stated.

*Loomis A. Miller* for complainant and appellee.

*Clute & Smith* for defendants and appellants. The right

to rescind for fraud must be exercised within a reasonable time. *Goodwin v. Burns*, 21 Mich., 214; *Wilbur v. Flood*, 16 Mich, 45–6; *Hubbardston Lumber Co. v. Bates*, 31 Mich., 168; *Jewett v. Petit*, 4 Mich., 513; *Jones v. Disbrow*, Har. Ch. 104; *Dunks v. Fuller*, 32 Mich., 245; *Masson v. Bovet*, 1 Den., 74. False expressions of opinion by a vendor are not ground for equitable relief. 1 Story's Eq. Jur., § 194; *Bradley v. Bosley*, 1 Barb. Ch., 125, 148; *Ellis v. Andrews*, 56 N. Y., 83.

Cooley, C. J. It is established beyond reasonable controversy that Sydnor J. Wright, of whom the defendants are administrator and heirs at law, sold to the complainant Elon G. S. Wright, who was his nephew, for the sum of $3,600, a farm worth not to exceed one-fourth of that sum, and that he accomplished the sale by means of false assertions regarding its value and productiveness, and by deception regarding the timber upon it. There is reason to believe, also, that though the vendor's son and agent went with the purchaser to see the land, he contrived, by taking him an unusual route, to keep him away from those who would have been likely to give him more accurate information. And although much of Sydnor J. Wright's representations consisted of matters which must ordinarily rest in opinion merely, yet as he had been in the actual possession and cultivation of the land, and professed to be speaking from actual results, his representations were not matters of opinion strictly in the ordinary sense of that term, but combined opinion with fact to an extent that justified the purchaser in placing some reliance upon them. And on a review of the whole testimony we are satisfied that such a case of fraud is established as entitled the purchaser to have the purchase cancelled.

But defendants insist that the right to this relief, if it ever existed, has been lost by laches. This objection is based upon the fact that the purchaser took possession of the farm, occupied and cultivated it for one season, and at the end of that time requested indulgence in the payment of interest on the unpaid purchase price, without raising any question of fraud in the sale, or requesting that it

be rescinded. The main facts on which the defendants rely on this branch of the case are conceded or proved, and in most cases of fraud they would perhaps be sufficient to preclude relief. But this case has some peculiar features. The inadequacy of consideration was so gross that it seems reasonable to conclude that Elon substantially put himself in his uncle's hands in the transaction, laying aside the prudence he might have been expected to employ in dealing with others, and that after his discovery of the deceit, he may have hesitated from family reasons, to make public his grievance, hoping and trusting that an amicable arrangement might be effected in time. The relationship of the parties is entitled to great weight when the question is one of laches in taking hostile steps, and the same prompt and energetic proceedings which would be expected in other cases ought not to be demanded of near relatives, not only because they may naturally and commendably be reluctant to engage in litigation, but also because they ought to be able to rely more on substantial justice being voluntarily done them by a member of the family than by a stranger. The fact, also, that Sydnor J. Wright died before the fraud was discovered is also one of no little significance as tending to embarrass any claim for redress; and when all these facts are taken into consideration, it would be a very harsh and unreasonable application of the rule of law, to hold the purchaser barred of his equitable remedy. Reasonable promptness under the circumstances is all that can be demanded. There is evidence that Elon made to his sister, who had assisted him in the negotiations, very early complaint of the deception regarding the timber, and it is probable that the full extent of the fraud regarding the productiveness of the farm, was only by degrees disclosed to him. He would naturally for a while place more or less reliance upon the positive assertions of an uncle in whom he had confided implicitly, notwithstanding the facts seemed to be contradicting them.

The purchase price was provided for by paying $200 down, mortgaging the lands for $2,100, and other lands belonging to Elon's wife, the other complainant, for $1,300. The

circuit court found the sale to be fraudulent, and decreed that the $200 should be repaid with interest and the securities canceled on complainants tendering a proper deed of reconveyance. But he also charged the complainants with costs because they had failed to tender such a deed of reconveyance before suit was instituted. This decree is as favorable as defendants are entitled to claim, unless there is merit in a further objection which is taken by them. This is that with the lands was sold a considerable quantity of personal property which has not been paid for, and the sale of the one cannot be cancelled unless the sale of the other is also. The sale of the personalty, however, appears to have been a thing by itself; and though it probably would not have been made had not the land been sold, the two are only connected in time and circumstance, but not in law. The price of each was separately fixed, and separate securities given. Neither party complains of the sale of personalty and we cannot therefore disturb it.

The decree directed the reconveyance to be made to Allen S. Wright as administrator of Sydnor J. Wright. It is argued that this was unwarranted. It does not appear, however, that any objection was taken in the court below to this branch of the decree, and it was the duty of counsel for the defendants to take any formal objection of this sort on the settlement of the decree in that court. But as the decree as it stands will protect the rights of the defendants, it will be affirmed as it is unless the defendants desire formal changes, which they will have an opportunity to suggest when a draft of the decree to be entered here is served upon them.

The complainants will recover their costs of this court.

The other Justices concurred.