WILLIAM F. KELLOGG AND OLIVER W. BARRETT (KELLOGG & BARRETT) v. SMILEY W. HAMILTON AND MARTIN MILLER ET AL.

*Sufficiency of demurrer—Appeal from proceedings later than decree.*

A ground of demurrer should be so stated as to apprise the court of the real objection, and if it is not, the party demurring can claim nothing under it.

A judgment creditor's bill averred that execution had been returned unsatisfied on a specified day. It was demurred to on the ground that it failed to show that the execution was returned as required by law to entitle complainants to maintain the bill. *Held* that the demurrer did not sufficiently present the objection that the date of the return was Sunday.

A point not sufficiently presented by demurrer cannot, on appeal, be raised for the first time.

Proceedings subsequent to the decree appealed from are not reviewable.

Appeal from Berrien.  Submitted April 8.  Decided April 14.

JUDGMENT CREDITOR'S BILL.  Defendants appeal.

*W. J. Gilbert* and *David Blackman* for complainants.

*Potter & Potter* for defendants.

GRAVES, J.  Complainants being judgment creditors of Miller and Hamilton, filed this bill under the statute to enforce satisfaction from property subject to debts but not liable to execution. The bill made the usual statements, but defendants demurred to it. The court overruled the demurrer and gave time to answer, but no answer being put in, the common decree *pro confesso* was entered. Thereupon the defendants appealed.

The demurrer assumed to allege three causes, but two appear to be abandoned. So far as we can see, there was no color for them. The remaining ground is that the bill fails to show that execution was returned unsatisfied in whole or in part, and also fails to show that it was returned as required by law to entitle complainants to maintain the case.

The statement in the bill is that the execution was returned wholly unsatisfied, on a day specified in November, and the point is now made in this court that the date so expressed was Sunday, and that the proceeding was consequently void.

Whether such would be the effect we shall not inquire.

The return was a step in the case at law and we think no question has been made upon it on the equity side. The terms of the demurrer were not meant to suggest, and did not suggest, the alleged error, and the attention of the court below has never been drawn to it. A cause of demurrer should be so stated as to apprise the court of the real objection, and in case it is not, the party demurring can claim nothing under it. Any other practice would be an obvious affront to common sense as well as justice. *Pratt v. Lewis* 39 Mich. 7, 10, 11.

In this case we should never have suspected that the statement of the cause of demurrer was intended to cover such an objection as is now set up. It has been found necessary for defendants' counsel to translate their demurrer into the particular objection by means of their brief, and it is in that way only that we are made aware of it. As the demurrer did not present the point that the day of return was Sunday, the objection is not tenable on appeal and is not considered. The case stands here as though the defendants had declined to raise it. It seems that defendants petitioned the court *ex parte* to set the decree aside, and that the application was denied; and it also appears in the papers sent up that a second execution was taken out on the judgment and collection of part of the debt made under it. But we have nothing to do with these proceedings. The appeal is against the decree granted for want of answer, and not against the later proceedings, and that is not shown to have been improper.

The decree is affirmed with costs.

The other Justices concurred.