EMELINE BUNDY AND JOHN J. WHEELER, EX'RS v. HENRY M. YOUMANS AND LEWIS VAN WINKLE.

*Accounting by surviving partners—Discount and interest charges—Review of appellee's objections.*

A decree against surviving partners for an accounting for assets of which they had jointly taken possession, should be against them jointly for the whole amount, and not severally for the sums into which they divided it between themselves.

Discount and interest charges are inseparably connected with the principal sum, and properly allowed on an accounting against surviving partners in connection with charges for moneys borrowed by the deceased member of the firm.

Where objections to a decree for an accounting relate to details of practice, and were not raised in the lower court, and are urged by a party who has taken no appeal, they will not be noticed in the appellate court.

Parties who have not appealed cannot ask a modification of the decree in their favor; though if the appellants have opened the accounting generally and obtained a change in their favor, the appellate court will consider the objections of the appellees to the decree.

Appeal from Saginaw. Submitted June 23. Decided October 13.

BILL for accounting. Complainants appeal. Decree modified.

*Wheeler & McKnight* for complainants. Surviving partners have the whole property and are trustees and responsible as such: *Barry v. Briggs* 22 Mich. 201; *Daby v. Ericsson* 45 N. Y. 789; they account jointly: 1 Coll. Part. (6th ed.) 462–9; *Simpson v. Chapman* 4 DeG. M. & G. 154; *Moore*

*v. Huntington* 17 Wall. 422; *Miller v. Jones* 39 Ill. 54; *Remick v. Emig* 42 Ill. 342.

*Wm. A. Clark* and *A. C. Maxwell* for defendants.

COOLEY, J. This is a bill by executors of a deceased partner against the surviving partners for an accounting. It appears that on the death of complainant's testator the surviving partners took possession of the assets of the concern, amounting to a large sum, and for a time continued the business. When the bill was filed the assets were represented by charges on the books against the surviving partners severally. The sums brought together were much below the amount of the assets that came to their hands as survivors. The court of chancery decreed that they severally pay to complainants the amounts found equitably due from each to the testator, being $12,781.60 by defendant Youmans and $4,493.83 by defendant Van Winkle.

This decree should have been against the defendants jointly. Had the indebtedness of defendants to the copartnership existed at the time of the testator's decease, the case would have been different, because the testator must be understood to have consented, with the others, to the partners thus severally becoming debtors of the firm. But the partnership was dissolved by the decease of one member, and the survivors took the assets jointly. Both are therefore responsible for the disposition made of them. They cannot, by dividing the assets between them, compel the estate to accept the several responsibility of each for what he has taken.

The justice of certain charges against the copartnership for moneys borrowed by the testator was contested by defendants, on the ground that the loans were procured in part only for the copartnership, and in part for other concerns in which the testator had an interest. The commissioner, however, allowed them, and he also allowed the discount paid, and interest. The circuit judge struck out these last items while allowing the principal sum. We have found no explanation of this discrimination and think the rejection of discount and interest expenses erroneous.

The defendants have not appealed, but they nevertheless in this court raise many objections to the decree. Some of these are to the indefinite character of the allegations in the bill; others to the regularity of the proceedings before the commissioner, and one is to the failure of the commissioner to comply with the order of reference in respect to one item in complainant's account against the copartnership. None of these objections appear by the decree to have been brought to the attention of the circuit judge, and it is therefore useless to raise them here. They relate exclusively to the details of practice. *Barnebee v. Beckley* 43 Mich. 613. Moreover as defendants have not appealed, they cannot ask the court to modify the decree in their favor. If the complainants by their appeal had opened the accounting generally, and we had changed it in their favor, we should have held ourselves bound to listen to any objections the defendants might make to it; but we have discovered no reasons in the argument or brief of complainants for going into it at all. The report of the commissioner, so far as it is excepted to by the complainants, appears to be sustained by the evidence, and the circuit judge approved and confirmed it. The modification of the decree in this court, in respect to the amount allowed, relates only to the contested loans, and corrects an error in the amount which was made by the court in rejecting the discount and interest. These belonged inseparably to the principal sum.

The decree must be modified to meet these views, and complainants will recover the costs of this court.

The other Justices concurred.