8   181
8   498
30* 504
33* 136
8   181
13  438
15  278
8   181
30   34

MARY E. HANKS, RESPONDENT, *v.* THOMAS MAT-
THEWS, APPELLANT.

APPEAL.—EVIDENCE INSUFFICIENT.—TIME.—NEW TRIAL.—Where
the defendant appealed from the judgment eleven months
after its rendition and from the order refusing a new trial
about nine months after the order was made, an exception to
the judgment that it is not supported by the evidence will
not be considered by the appellate court, because not taken
within sixty days after the rendition of the judgment, or of
the order overruling the motion.

REFEREE.—PRACTICE.—NEW TRIAL.—*Semble* that the proper prac-
tice upon a reference to try the issues and report findings of
fact and conclusions of law is for the referee to file his find-
ings and conclusions after trial before him, then for the
party claiming error to file exceptions to such findings and
conclusions in the court on the coming in of the report, then
for the court to render judgment, then for the party alleging
error to make his motion for new trial in the court, which
motion is heard and decided by the court and not by the
referee.

APPEAL from a judgment of the district court of the
third district and from an order refusing a new trial. The
opinion states the facts.

*Mr. Arthur Brown,* for the appellant.

*Messrs. Stephens and Schroeder,* for the respondent.

ANDERSON, J.:

This is an action to have a deed executed by plaintiff
to the defendant for certain real estate in Salt Lake City,
declared to be a mortgage to secure advances to be made
by the defendant for the plaintiff in the payment of debts

owing by plaintiff, and in paying expenses of conducting certain business for the plaintiff. The complaint avers that the deed, although regular on its face, was in fact, and was understood by the parties to be, a mortgage to secure such sums as the defendant might advance as payment for the plaintiff; and prayed for an accounting between the parties, and that the defendant be required to reconvey the premises to the plaintiff upon the repayment to him by plaintiff of any sums paid out by him for the use and benefit of plaintiff. The answer of the defendant denies specifically the allegations of the complaint, and avers the deed was intended as an absolute conveyance, and alleges the action is brought for the purpose of defrauding the defendant out of any profits there may be on the rise of said property in the market, in consequence of the advanced values of real property in Salt Lake City. The defendant also pleaded the statute of limitations. The cause was referred to a referee, and a trial was had. The referee reported his findings of fact and conclusions of law April 16, 1890, upon which a decree was ordered May 14, 1890, adjudging the deed to be a mortgage, and that there was due from the plaintiff to the defendant, on the 16th day of April, 1890, the sum of $1,991.85; also adjudging that the plaintiff pay said sum to the clerk of the court for the defendant's use and benefit within 60 days from said 16th day of April, together with the statutory rate of interest thereon until paid; and that the defendant convey said premises to the plaintiff, and in default thereof that the clerk of the court execute and deliver such conveyance. Exceptions to the findings of fact and conclusions of law reported by the referee were filed by the defendant. The defendant gave notice of a motion for a new trial, May 23, 1890, which motion was overruled by the court, August 16, 1890. Afterwards, upon suggestion to the court of the death of the said Ephraim M. Hanks, Mary E. Hanks

was substituted as plaintiff in the action. April 13, 1891, the defendant gave notice of an appeal to this court, the appeal being from the judgment rendered in the cause, and from the order denying the motion for a new trial. It is argued by counsel for the appellant that the findings of fact are unsupported by the evidence. In fact, this is the ground principally relied on; but this court cannot review the evidence on this appeal, because the appeal was not taken for nearly a year after the judgment was rendered. The statute provides that "an exception to the decision or verdict on the ground that it is not supported by the evidence cannot be reviewed on appeal from the judgment, unless the appeal is taken within 60 days after the rendition of the judgment." 2 Comp. Laws 1888, § 3635, par. 1. Paragraph 3 of the same section provides that an appeal from an order granting or refusing a new trial may be taken within 60 days after the order is made and entered in the minutes of the court or filed with the clerk. The order refusing a new trial was made August 16, 1890, and the appeal was not taken until April 13, 1891, about eight months after the overruling of the motion for a new trial. The appeal from this order was therefore taken too late. The only question we can consider on this appeal is whether the findings of fact support the judgment. Without discussing them in detail, we think they justify the judgment. It is contended, however, that some of the findings are on issues not raised by the pleadings; but conceding this to be true, there are findings sufficient to sustain the judgment, against which this objection cannot be made, and findings not within the issues raised by the pleadings may be disregarded, where they are not inconsistent with the judgment. The judgment is affirmed.

MINER, J. and BLACKBURN, J., concurred.