ISAAC  VOORHEES  RESPONDENT,  *v.*  MANTI  CITY,
APPELLANT.

APPEAL—REQUISITES—PRACTICE—SUFFICIENCY OF RECORD—DISMIS-
SAL.

1. Where the abstract and transcript show that findings of fact
   and conclusions of law were filed June 28, 1895, directing
   judgment for the plaintiff, but that no judgment was ever
   entered on such findings, and a notice of appeal from the
   judgment entered December 3, 1895, taken on the judgment
   roll and bill of exceptions, was filed January 28, 1896, but
   no bill of exceptions appears in the record, and no service
   of notice of appeal was made upon the plaintiff or his attor-
   ney, as required by section 3636, Comp. Laws 1888, and the
   statement on motion for a new trial was settled, but
   the motion for a new trial was never heard, granted, or re-
   fused, *held,* that the appeal was not perfected and there
   was nothing before the court for consideration, and that
   the assumed appeal should be dismissed.

2. *Held,* also, that if the court could assume that judgment was
   entered June 28, 1895, and that the appeal was properly taken

from the judgment, January 28, 1896, and notice of appeal served,the only question that could be considered would be upon the judgment roll; and that where no demurrer was interposed, nor objections raised in the court below, the defendant could not raise the objection in this court for the first time that the complaint and findings do not allege or find that notice was given defendant of the filling up of its water course before the injury occurred, in time to repair the same, especially where the complaint does allege that the channel was filled up with stone and gravel from its use prior to the date of the damage complained of, of which defendant had notice.

3. *Held*, also, that the case of *Holt v. Pierson*, 41 Pac. 560, 12 Utah, 63, is disapproved in so far as it is in conflict with this opinion as to raising a question not of a jurisdictional character, under section 3235, Comp. Laws 1888.

(No. 685.   Decided June 1, 1896.   45 P. R. 564.)

Appeal from the district court of the First judicial district, Territory of Utah.   Hon. W. H. King, *Judge.*

Action by Isaac Voorhees against Manti City for damages sustained by the flooding of plaintiff's land.   From a judgment for plaintiff, defendant appeals.   Appeal dismissed.

*J. E. Cochran* and *Moyle, Zane & Costigan,* for appellant.

*William K. Reid,* for respondent.

MINER, J.:

This action was brought to recover damages occasioned by the alleged negligence of the defendant in maintaining a canal of insufficient capacity to carry off the water turned into it, and negligence in failing to clean out said canal and remove from its channel great quantities of rock, gravel, and rubbish allowed to accumulate there during its use, and before the damage complained of,

which caused an overflow of its banks onto the land of the plaintiff, carrying and depositing there quantities of gravel, sand, and rubbish, to his injury. The case came on for trial before the court, without a jury; and the court made and filed its findings of fact and conclusions of law, June 28, 1895, and therein found the plaintiff entitled to a judgment of $20, damages and costs of suit, and that such judgment be entered. It does not appear from the abstract or from the transcript that judgment was ever entered upon these findings made June 28, 1895. No bill of exceptions appears in the abstract, but a statement of the case appears to have been agreed to and settled by the judge January 26, 1896. The defendant gave notice of its intention to move for a new trial, and subsequently filed its statement on motion for a new trial and upon appeal; but it nowhere appears that the court ever heard, granted, or overruled the motion, or that the motion was ever brought before the court for consideration.

The abstract and transcript show that on January 28, 1896, the defendant filed with the clerk a notice that the defendant appeals from the judgment in the case made and entered December 3, 1895, and from the whole thereof, and that said appeal would be taken on the judgment roll and upon the bill of exceptions in the case; but it nowhere appears that this notice of appeal was ever served on or came to the notice of the plaintiff in this case, or to his attorney. No judgment appears to have been entered December 3, 1895, or at any other time; yet the appeal is from such a judgment. The notice of appeal was never served upon the attorney for the plaintiff, as required by section 3636, Comp. Laws Utah 1888. Upon such a record, we are at a loss to find anything upon which this court can act. If there was no judgment, there could be no appeal from the judgment to this court.

If there was no notice of appeal served upon the opposite party or his attorney, then no appeal was taken to this court, and this court has no jurisdiction to hear the case. It is held in the case of *People* v. *Fennel*, 4 Utah 112, 7 Pac. 525, 648, that, unless the record shows affirmatively that notice of appeal was duly served upon the opposite party or his attorney, the appeal should be dismissed, and no evidence outside the record should be allowed to supply the failure. The same ruling was made in the case of *People* v. *Gough*, 2 Utah 69, and in *Commercial Nat. Bank* v. *United States Sav. & Loan Ass'n*, 13 Utah 189, 44 Pac 1043; *Cook* v. *Railway Co.*, 7 Utah 416, 420, 27 Pac. 5; *Cattle Co.* v. *Murdock*, 8 Utah 497, 33 Pac. 136; *Hanks* v. *Matthews*, 8 Utah 181, 30 Pac. 504; *Paving Co.* v. *Bolton*, 89 Cal. 154, 26 Pac. 650; *Schurtz* v. *Romer*, 81 Cal. 244; 22 Pac. 657; *Reed* v. *Kimball*, 52 Cal. 325, Comp. Laws Utah 1888, § 3636.

The respondent does not file a brief, nor appear in the argument. If we could assume that the judgment was rendered at the time the findings were made and filed, and that the appeal was properly taken from such assumed judgment, on January 28, 1896, upon a service of notice of appeal, even then the only question that could be considered would be that arising upon the appeal from the judgment alone, as no bill of exceptions appears in the record; and in that case, under section 3636, Comp. Laws Utah 1888, an exception to the decision or verdict, on the ground that it is not supported by the evidence, could not be reviewed on appeal from the judgment unless the appeal was taken within 60 days after the rendition of the judgment. So that the exception to the insufficiency of the evidence to support the judgment could not be considered.

Should we consider the record as thus left on the merits, we should find that the only question raised upon

the appeal from the judgment, which could be considered, would be that there was no allegation in the complaint that the defendant had notice that the canal was out of repair, and no finding of such notice. It is alleged in the complaint that the injury was occasioned by the neglect of defendant to clean out, from the canal, rubbish and gravel accumulated therein, from its use prior to the date of the damage claimed; and, if the court could construe the statement to be a bill of exceptions, we should find from it that the complaint of the channel being filled up early in 1893, and before the commencement of this suit, was made in writing, by plaintiff and others, to the city council of Manti, and that such council took action thereon, but did not succeed in effectually removing the cause of the injury complained of.

It also appears that no demurrer was interposed to the complaint. It does not appear that this objection was raised at the time of the trial in any manner. It is raised for the first time in this court. Had this question of the omission in the complaint been presented to the trial court, an opportunity would have been presented to remedy the alleged omission, if any, by an amendment, or otherwise, if necessary. It is now too late to take advantage of such an alleged omission, even if it existed, unless the objection comes within section 3235, Comp. Laws Utah 1888. *Perego* v. *Dodge*, 9 Utah 3, 33 Pac. 221; *Winner* v. *Simon*, 9 Utah 378, 35 Pac. 507; *Lee* v. *Figg*, 99 Am. Dec. 271; Hayne, New Trials, § 27; *Wallace* v. *Harris*, 32 Mich. 380; *Wright* v. *Wright*, 37 Mich. 55; *Kellogg* v. *Hamilton*, 43 Mich 269, 5 N. W. 315; *Podlech* v. *Phelan*, 13 Utah 333, 44 Pac. 838; *Macomb* v *Prentis*, 57 Mich.225, 23 N. W. 788; *Bundy* v. *Youmans*, 44 Mich. 376, 6 N. W. 851; *Erie* v. *Schwingle*, 60 Am. Dec. 87; *King* v. *Davis*, 34 Cal. 100.

In so far as the case of *Holt* v. *Pearson*, 13 Utah 41

Pac. 560, conflicts with the views on this point, it should be considered as overruled, except as the allegation may come within the provision of section 3235, Comp. Laws Utah 1888.

There being no bill of exceptions in the record that properly brings up the testimony, we presume the findings must have been supported by the evidence. *Coombs* v. *Railway Co.*, 11 Utah 137, 39 Pac. 503.

We find that no appeal has been taken to this court from any judgment rendered in the case, and we also find that, had such appeal been taken from a judgment, there is no ground for reversal, as the same is presented. The appeal is dismissed, with costs.

BARTCH, J.   I concur in the decision dismissing the appeal.

STREET, District Judge, concurs.