NETTIE HENDERSON, Appellant, v. ABBOLINE BARNES, as Executrix of the Estate of HENRY BARNES, Deceased, Respondent.

### No. 1525.    (75 Pac. 759.)

**Appeal: Time for Taking: Entry of Judgment: What Constitutes.**
Revised Statutes 1898, section 3301, provides that an appeal may be taken within six months from the entry of the judgment appealed from. Judgment was entered on June 10th, and notice of appeal filed December 16th. On June 16th a written instrument, purporting to be a judgment, was signed by another judge than the one before whom the hearing was had, and was filed in the case. *Held*, that the appeal was too late, and would be dismissed.

(Decided February 26, 1904.)

Appeal from the Third District Court, Salt Lake County.—*Hon. S. W. Stewart,* Judge.

The opinion states the facts. From a judgment in favor of the defendant, the plaintiff appealed.

DISMISSED.

*Richard B. Shepard, Esq.,* and *Harrison O. Shepard, Esq.,* for appellant.

*D. B. Hempstead, Esq.,* for respondent.

BARTCH, J.—This suit is the result of a real estate transaction between the plaintiff and Henry Barnes, deceased. It appears that in the year 1888 the plaintiff conveyed to the deceased, by warranty deed, a certain tract of land, situate in the State of Kansas, for the sum of $950. The plaintiff claims that she borrowed that sum from the deceased; that the deed was, in effect, only a mortgage; and that she had a right of redemption. The grantee afterwards sold the property to an innocent purchaser, and after the death of said grantee, defendant's testator, the plaintiff brought this action to recover the value of the property and annual rentals of the same, less the sum paid therefor by the deceased, and interest. The complaint was filed November 26, 1902. Afterwards the defendant interposed a demurrer thereto, which was sustained by the court, and, upon the plaintiff electing to stand upon her complaint, and refusing to amend, judgment was entered in favor of the defendant. Thereupon this appeal was prosecuted.

The respondent now challenges the right of the appellant to be heard on the merits of the cause on the ground that the appeal was not taken within the time limited by the statute, and asks that the judgment be affirmed. The statute (section 3301, Rev. St. 1898) provides that ''an appeal may be taken within six months from the entry of the judgment or order appealed from.'' Judgment, as shown by the abstract of the record, was entered herein by order of the judge who presided at the hearing of the case on June 10, 1903, in favor of the defendant, dismissing the action, and for costs, to be thereafter taxed. The notice of appeal was filed December 16, 1903, which was not within six

months from the entry of the judgment. The appeal is therefore ineffectual, and the objection to the right of the appellant to be heard on the merits must prevail. This is so notwithstanding the fact that on June 16, 1903, a written instrument, purporting to be a judgment, was signed by another judge than the one before whom the hearing was had, and filed with the papers of the case, which filing was just six months prior to the taking of the appeal. The filing of that instrument was not necessary, as the judgment which was previously entered was effective. If, however, the appeal had been taken within time, still the appellant could not prevail, because, looking into the merits, as the case appears from the record, we are of the opinion that she has shown no right of recovery against the respondent.

    The appeal is dismissed, and the judgment affirmed with costs.

    BASKIN, C. J., and McCARTY, J., concur.