## ANDERSON v. HALTHUSEN MERCANTILE CO.

No. 1634.   Decided January 10, 1906 (83 Pac. 560).

1. APPEAL—EXTENSION OF TIME BY STIPULATION—VALIDITY.— Under Revised Statutes 1898, section 3301, providing that an appeal may be taken within six months from the entry of a judgment or order appealed from, and section 3329, providing that the time for doing certain acts allowed by this Code, not specifying the taking of appeals, may be extended by the court in which the action is pending, on good cause shown, etc., parties cannot by stipulation extend the time in which to appeal.[1]

2. SAME—JURISDICTION.—The filing and service of a notice of appeal within the time required by law is essential to clothe the Supreme Court with jurisdiction to adjudicate whatever questions are properly raised by the appeal.

3. SAME—CONFERRING JURISDICTION—CONSENT OF PARTIES.—Consent by way of stipulations of counsel made in behalf of the parties to an action or otherwise cannot confer jurisdiction when without it there would have been none.[2]

---

[1] Mount v. Simons, 3 Utah 230, 5 Pac. 563; Henderson v. Barnes, 27 Utah 348, 75 Pac. 759; Snow v. Rich, 22 Utah 123, 61 Pac. 336; Stoll v. Mining Co., 19 Utah 271, 57 Pac. 295; Orchard Co. v. Hanley, 15 Utah 506, 50 Pac. 611; Watson v. Mayberry, 15 Utah 265, 49 Pac. 479; Blyth & Fargo v. Swenson, 15 Utah 345, 49 Pac. 1027; Jones v. Insurance Co., 14 Utah 215, 47 Pac. 74; Voorhees v. Manti City, 13 Utah 435, 45 Pac. 564; Hanks v. Matthews, 8 Utah 181, 30 Pac. 504; Cattle Co. v. Murdock, 8 Utah 497, 33 Pac. 136; Brough v. Mighell, 6 Utah 317, 23 Pac. 673.

[2] Davidson v. Munsey, 27 Utah 87, 74 Pac. 431; State v. Mortenson, 26 Utah 312, 73 Pac. 562, 633.

APPEAL from District Court, Third District; C. W. Morse, Judge.

Action by Andrew P. Anderson against H. Halthusen Mercantile Company. From an order granting a motion for nonsuit and denying a motion for a new trial, plaintiff appeals.

APPEAL DISMISSED, JUDGMENT AFFIRMED.

At the time of hearing the arguments in the case, a verbal order was made and entered on the minutes of the court dismissing the appeal; but it was deemed proper, in order to settle the practice respecting appeals, to make a formal statement of the grounds therefor.

: *Zane & Stringfellow* for appellant.

*Powers & Marioneaux* for respondents.

### APPELLANT'S POINTS.

This court cannot extend the time limited by statute for taking appeals. (*Brough v. Mighell,* 6 Utah 317.)

An appeal taken when the statutory time has expired, is not valid and will be dismissed. (*Mount v. Simons,* 3 Utah 230; *Hanks v. Matthews,* 8 Utah 181; *Ryan & Ream Cattle Co. v. Murdock,* 8 Utah 497; *White v. Pease,* 15 Utah 170; *Watson v. Mayberry,* 15 Utah 265.)

HOWELL, District Judge.

This case is before the court on an appeal from an order of the trial court granting a motion for a nonsuit herein, and dismissing the case, and from an order of said court denying a motion for a new trial. The motion for a nonsuit was granted, and the case dismissed on June 10, 1901. The motion for a new trial was denied May 18, 1903. The notice of appeal from the order granting the motion for a nonsuit and denying the motion for a new trial was served and filed January 6, 1905. It is not contended by counsel for the appellant that the appeal herein was taken within the statutory time, but they insist that the respondent has waived its right

to take advantage of the expiration of the time by reason of the following stipulation, which was entered into between counsel for the respective parties and dated December 31, 1904, the same being appended to the transcript herein: "This proposed bill of exceptions has been in our possession since it was served upon us, to wit, July 14, 1903, to enable us to prepare amendments thereto, and then agreed with plaintiff's attorneys that they should not lose their right to have the bill settled while it was in our possession, and they may now have the bill settled, and no advantage taken by reason of it not having been settled whatever, and plaintiff may prosecute his appeal thereafter if he desires."

Opposing counsel are not agreed as to the proper interpretation to be given this instrument, counsel for appellant claiming that it should be construed as a waiver of the right to insist on the appeal being taken within six months, as required by the statute, and counsel for respondent insisting that it simply goes to the extent of preventing them taking any advantage of the fact that the bill of exceptions was not settled within the time allowed by law. Although the contention of counsel for the respondent, as to the meaning of the stipulation, seems the most reasonable, we do not consider it necessary to determine its precise effect, for the reason that, conceding it goes to the entire extent claimed by counsel for the appellant, it can, in our opinion, avail him nothing.

Section 3301, Revised Statutes 1898, provides, as follows:

"An appeal may be taken within six months from the entry of judgment or order appealed from."

Section 3329, Revised Statutes 1898, provides as follows:

"When an act to be done, as provided in this Code, relates to the pleadings in the action, or the undertaking to be filed, or the justification of sureties, or the preparation of bills of exceptions or of amendments thereto, or to the service of notices other than of appeal, the time allowed by this Code may be extended, upon good cause shown, by the court in which the action is pending, or a judge thereof."

It was expressly held by this court in *Mount v. Simons,* 3 Utah 230, 5 Pac. 563, that an appeal taken after the statutory time had expired was invalid, and should be dismissed. To the same effect is the case of *Henderson v. Barnes,* 27 Utah 348, 75 Pac. 759. This court has also repeatedly de-

cided that an appeal taken and perfected within six months from the date of overruling a motion for a new trial is in time, and thus by implication held that if more than six months had elapsed it would not be in time. (*Snow v. Rich,* 22 Utah 123, 61 Pac. 336; *Stoll v. Mining Co.,* 19 Utah, 271, 57 Pac. 295. See, also, *Orchard . Co. v. Hanley,* 15 Utah 506, 50 Pac. 611; *Watson v. Mayberry,* 15 Utah 265, 49 Pac. 479; *Blyth & Fargo v. Swenson,* 15 Utah 345, 49 Pac. 1027; *Jones v. Insurance Co.,* 14 Utah 215, 47 Pac. 74; *Voorhees v. Manti City,* 13 Utah 435, 45 Pac. 564; *Hanks v. Matthews,* 8 Utah 181, 30 Pac. 504; *Cattle Co. v. Murdock,* 8 Utah 497, 33 Pac. 136; *Brough v. Mighell,* 6 Utah 317, 23 Pac. 673.) It was also decided in *Brough v. Mighell,* supra, that the court could not extend the time limited by statute for taking appeals, and this decision was approved in *Cattle Co. v. Murdock,* 8 Utah 497, 33 Pac. 136. See, also, *Butter v. Lamson* (Utah), 82 Pac. 473. It is difficult indeed to conceive how the decision could have been otherwise under our statute, for section 3711, Comp. Laws Utah 1888, was in force when *Brough v. Mighell* was before the court, and that paragraph, so far as the question herein involved is concerned, is the same as section 3329 of the Revised Statutes of 1898.

Although the precise question in this case, that is, whether or not a stipulation of the parties can extend the time in which to appeal, has never been before the court, yet it naturally follows that inasmuch as the Legislature has fixed the time, and withheld the power from the courts to enlarge it, the parties themselves cannot do so. The filing and service of the notice of appeal within the time required by law is essential to clothe this court with jurisdiction to adjudicate whatever questions are properly raised by the appeal. . Such is the overwhelming weight of authority. See 2 Cyc., pp. 802, 803, note 86. See, also, Cent. Dig., Tit. "Appeal and Error," section 1293. Inasmuch as the court below had jurisdiction of the parties and of the subject-matter of the action, this court would have had also, if the notice of appeal had been served and filed in time, but it has no jurisdiction to determine matters herein on appeal after the period fixed by statute has elapsed, and of course consent, by way of stipulation of counsel, made in behalf of the parties, or otherwise, cannot confer jurisdiction when, otherwise, there would

have been none. (*Davidson v. Munsey,* 27 Utah 87, 74 Pac. 431; *State v. Mortensen,* 26 Utah 312, 73 Pac. 562, 633.) The notice of appeal herein, then, not having been served and filed within the period allowed by law, this court has at this time no jurisdiction either of the parties or the subject-matter of the action.

The appeal must therefore be dismissed, at plaintiff's costs, and the judgment affirmed. It is so ordered.

BARTCH, C. J., and McCARTY, J., concur.