[No. 12618.  In Bank. — September 20, 1888.]

MARINDA    WOOD,    RESPONDENT,    v.    LORENZO
             PENDOLA, APPELLANT.

APPEAL — UNDERTAKING — DISMISSAL. — If the undertaking on appeal from
    a judgment, and from an order denying a new trial, makes no reference
    to the order, the failure to file a good and sufficient undertaking on
    appeal from the order, within the time allowed by section 954 of the
    Code of Civil Procedure, and to have indorsed thereon the approval of a
    justice of the supreme court, renders the appeal from the order ineffectual,
    and it will be dismissed.

APPEAL from a judgment of the Superior Court of
Calaveras County, and from an order refusing a new
trial.

The motion was to dismiss the appeal from the order
denying the new trial, for the want of a sufficient under-
taking.   A motion for leave to file a new bond was made
after submission of the motion to dismiss the appeal.
The further facts are stated in the opinion of the court.

F. W. Street, and Ira H. Reed, for Appellant.

One undertaking is sufficient.   (Corcoran v. Desmond,
71 Cal. 100; Chester v. B. F. H. Ass'n, 64 Cal. 42; Sharon
v. Sharon, 68 Cal. 326.)

Reddick & Solinsky, for Respondent.

The bond must refer to both appeals, or the unmen-
tioned appeal is ineffectual.   (Berniaud v. Beecher, 74
Cal. 617; Home and Loan Ass'n v. Wilkins, 71 Cal. 626;
Duffy v. Greenebaum, 72 Cal. 157.)   The motion to file an
undertaking is too late.   (Code Civ. Proc., sec. 954.)

PATERSON, J.—The notice of appeal specifies that the
defendant appeals from the judgment rendered against
him on September 27, 1887, and also from the order
made January 13, 1888, denying defendant's motion for
a new trial.   In the undertaking on appeal no reference
is made to the order.   It recites simply that "the said

defendant has appealed to the supreme court of the state
of California from said judgment, and from the whole
thereof." Section 954 of the Code of Civil Procedure
provides: "If the appellant fails to furnish the requisite
papers, the appeal may be dismissed; but no appeal can
be dismissed for insufficiency of the undertaking thereon,
if a good and sufficient undertaking, approved by a jus-
tice of· the supreme court, be filed in the supreme court
before the hearing upon motion to dismiss the appeal."
The motion to dismiss was submitted at the May term, in
Sacramento, upon briefs to be thereafter filed. Several
weeks thereafter another undertaking was filed, but it
has never been approved by a justice of the supreme
court. Therefore, if the undertaking be considered as
simply irregular and insufficient under section 954, *supra*,
the failure to file a good and sufficient undertaking
within the time allowed by that section, and to have
indorsed thereon the approval of a justice of this court,
renders the appeal ineffectual. The appeal from the
order denying the new trial is dismissed.

SEARLS, C. J., McFARLAND, J., SHARPSTEIN, J., THORN-
TON, J., and McKINSTRY, J., concurred.