[No. 13311.   Department One. — November 22, 1889.]

JOSEPH SCHURTZ, RESPONDENT, *v.* MAX ROMER AND F. KERKOW, APPELLANTS.

APPEAL FROM NEW-TRIAL ORDER — DISMISSAL — UNDERTAKING — FILING BOND IN SUPREME COURT. — When an appeal is taken from the judgment and from an order denying a new trial, and the undertaking on appeal does not refer to the new-trial order, and no separate undertaking is filed on appeal therefrom, the appeal is ineffectual to confer appellate jurisdiction of the order, and must be dismissed. No bond on appeal from the new-trial order can be properly filed in the supreme court in such case. The filing of a new undertaking in the supreme court under section 954 of the Code of Civil Procedure is limited to cases of remedy of a defective undertaking; and no amendment of an undertaking can be allowed when there is no undertaking to amend.

REVIEW ON APPEAL FROM JUDGMENT — TIME LIMITED FOR REVIEW OF EVIDENCE — RENDITION OF JUDGMENT — CONSTRUCTION OF CODE. — A statement on motion for new trial excepting to the sufficiency of the evidence cannot be considered on an appeal from the judgment, unless the appeal was taken within sixty days from the rendition or announcement of the judgment by the court, although taken within sixty days from the actual entry of judgment. The fact that the legislature has changed the time for appeal from the judgment so as to run from the entry of judgment does not warrant this court in changing, by judicial construction, section 939 of the Code of Civil Procedure as to the review of evidence upon such appeal.

Appeal from a judgment of the Superior Court of Los Angeles County, and from an order denying a new trial.

The facts are stated in the opinion of the court.

*Gottchalk & Luckel*, for Appellant F. Kerkow.

*Wells, Guthrie & Lee*, for Respondent.

Works, J. — The appellant Kerkow gave notice of an appeal from the judgment, and from the order denying him a new trial. He gave an undertaking on appeal from the judgment alone. No reference was made in the undertaking to the order denying the new trial, or the appeal therefrom. After the time provided by law for giving the undertaking on appeal in the court below, the said appellant applied to the chief justice to approve an undertaking to be filed in this court. The undertaking was approved by the chief justice, and subsequently filed. The respondent moves to dismiss the appeal, on the ground that no bond was filed in time in the court below, and no attempt having been made to file such bond, the one approved by the chief justice and filed in this court could not be effective.

An appeal is taken by serving and filing a notice of appeal within the time prescribed by law. But the appeal is *ineffectual for any purpose*, unless within five days after service of the notice of appeal an undertaking be filed, or a deposit of money be made, or the undertaking be waived by the adverse party in writing. (Code Civ. Proc., sec. 940.)

The giving of the undertaking is necessary to confer jurisdiction on this court, and must be given within the time prescribed by the code. But section 954 of the code provides: "If the appellant fails to furnish the requisite papers, the appeal may be dismissed; but no appeal can be dismissed for insufficiency of the undertaking thereon, if a good and sufficient undertaking, ap-

proved by a justice of the supreme court, be filed in the supreme court before the hearing upon motion to dismiss the appeal."

This section does not authorize the giving of an undertaking in this court in the first instance, but when an *insufficient* one has been given in the court below, the defect may be remedied by filing a new undertaking here. The giving of the new bond is in the nature of an amendment to a defective proceeding. In this case no bond was given on the appeal from the order denying a new trial, nor was there any attempt to do so. For these reasons, the bond approved and filed in this court was ineffectual for any purpose, and the appeal must be dismissed. No amendment of the undertaking could be allowed, because none had been given, and there was nothing to amend. The precise question has been decided by this court in a case in which leave was asked to file an undertaking here. The court said: "The section referred to [section 954] does not authorize it. It only authorizes a new undertaking when the one filed is insufficient. But in this case there has really been none filed. To allow new ones to be filed would be in effect to permit a new appeal to be perfected after the time fixed by law." (*Home and Loan Associates* v. *Wilkins*, 71 Cal. 626; see also *Berniaud* v. *Beecher*, 74 Cal. 617; *Wood* v. *Pendola*, 77 Cal. 82.)

The appellant contends that as his appeal from the judgment was taken within sixty days after the *entry* of judgment, the statement on motion for a new trial may be looked to for the purpose of determining whether or not the decision is supported by the evidence. The code provides: "But an exception to the decision or verdict on the ground that it is not supported by the evidence cannot be reviewed on an appeal from the judgment, unless the appeal is taken within sixty days after the *rendition* of the judgment." (Code Civ. Proc., sec. 939, subd. 1.)

It has been held by this court that there is a material difference between the *rendition* and the *entry* of a judgment. A judgment is rendered when it is announced by the court. It is entered when it is actually entered in the judgment-book. (*Gray* v. *Palmer*, 28 Cal. 416; *McLaughlin* v. *Doherty*, 54 Cal. 519; *Estate of Cook*, 77 Cal. 220.)

This appeal was taken within sixty days after the entry of the judgment, but not within sixty days after its rendition. For that reason we are precluded, by the express language of the statute, from considering the question whether the decision is supported by the evidence. It is contended that, under the earlier statutory provisions limiting the time for taking appeals, the time commenced to run from the rendition of the judgment, and not from its entry, and that the code has been so amended as to make the time commence to run at the latter date, and that as the appeal cannot be taken until after the entry of the judgment, that part of the section we are considering should be so construed as to make it relate to the same time. But we know of no reason, or any rule of law, that would warrant us in changing one portion of the code by judicial construction because the legislature has changed another by law. Beside, there is no apparent reason why the limitation of the right to use the statement for the purpose named should not be enforced under the present provisions of the code as well as under the former provision. The party appealing can secure the right to use the statement by prosecuting his appeal from the judgment within the time fixed. If he fails in this, he is not without his remedy; he still has his motion for a new trial, which, if properly prosecuted, furnishes him the same remedy. The evil of our system of practice is, that it gives too many remedies, and attorneys, by hesitating which one to pursue, frequently lose them all. This is one of the many cases in which this has occurred.

For the reason stated, we cannot look into the evidence to see whether or not it supports the decision.

The only other point urged in the appellant's brief is, that the findings do not support the judgment. We have carefully examined the findings, and hold them to be entirely sufficient, and that they support the judgment rendered.

Appeal from order denying new trial dismissed, and judgment affirmed.

PATERSON, J., and FOX, J., concurred.

Hearing in Bank denied.