ELIZA COOK, RESPONDENT, *v.* OREGON SHORT LINE AND UTAH NORTHERN RAILWAY COMPANY, APPELLANT.

APPEAL.—UNDERTAKING.—FAILURE TO FILE.—Under section 3636, 2 Comp. Laws 1888, which provides that an appeal shall be ineffectual for any purpose unless within five days an undertaking be filed, where the undertaking or appeal was not filed within five days the appellate court has no jurisdiction to determine the case on appeal or to allow a new or amended undertaking under section 3650, 2 Comp. Laws 1888 which provides that no appeal can be dismissed for insufficiency of the undertaking thereon if a good and sufficient undertaking be filed in the Supreme Court before the hearing upon the motion to dismiss the appeal.

APPEAL from a judgment of the district court of the

third district and from an order overruling a motion for a new trial. The opinion states the facts.

*Mr. Parley L. Williams,* for the appellant.

*Mr. Charles S. Varian* and *Mr. J. Van Meter,* for the respondent.

MINER, J.:

This action was brought in the third district court to recover damages arising from the alleged negligence of the defendant in constructing, maintaining, and leaving the rails of its track projecting above the surface of the public sidewalk and line of public travel on West Third street, in the city of Salt Lake, so that plaintiff, while walking along the said sidewalk on the evening of September 22, 1889, stumbled against the rails of such track, and broke her right arm and was otherwise injured. On the hearing of the case the respondent's counsel contended that this court had no jurisdiction of the appeal from the order denying defendant's motion for a new trial, or from the judgment, on the ground that no undertaking on appeal was filed within the time prescribed by law. Rule 6 of this court requires the appellant to prepare and file ten copies of a printed abstract of the record, etc., and that the abstracts shall set forth the title of the cause, with the date of filing all papers in the court below embodied in the abstract, and a brief statement of the contents of each pleading and paper, and shall set forth fully the substance of the pleadings and evidence, if any, and the points relied upon for reversal of the case appealed from, and shall refer to the pages in the transcript where pleadings shall be easily found.

On an examination of the abstract in this case, we

are unable to find that any notice of appeal was filed or served, or that any undertaking on appeal was filed or a deposit made, or that any motion for a new trial was made or denied, nor does it appear from what court the appeal is taken. This abstract is therefore clearly defective. On an examination of the transcript, it appears that judgment was entered October 29, 1890; motion for a new trial denied December 20, 1890; notice of appeal from the judgment, and also from the order denying defendant's motion for a new trial, was served and filed January 22, 1891; an undertaking on appeal from the judgment alone was filed January 28, 1891, six days after the notice of appeal was filed and served; and on April 22, 1891, after the transcript was filed, an undertaking on appeal from the order denying defendant's motion for a new trial was filed. The abstract and transcript are both silent as to how this second undertaking came to be filed; certainly, it cannot be claimed that it was filed within the time required by the statute; and if filed by permission of the court first obtained, and through inadvertence, it is none the less objectionable, as this court cannot confer jurisdiction upon itself by the making of a void order, and amending that which did not exist or was not capable of amendment.

The first undertaking on appeal from the judgment was filed one day after the time had expired for filing the same, and was therefore ineffectual for any purpose, under section 3636 of the Compiled Laws of Utah of 1888, which provides that an "appeal is ineffectual for any purpose, unless within five days after service of the notice of an appeal an undertaking be filed or a deposit of money be made with the clerk," etc. It was the same as if no undertaking had been filed, and there was nothing to amend by. It was not sufficient under

section 3650, nor defective. It referred to the judgment appealed from, and was in all respects in conformity with the statute as for an undertaking on appeal from the judgment. The giving of this undertaking within the time prescribed by the statute was necessary to confer jurisdiction on this court. The undertaking, filed April 22, 1891, on appeal from the order denying defendant's motion for a new trial, was not authorized by section 3650 of the Compiled Laws of 1888, which provides: "If the appellant fails to furnish the requisite papers, the appeal may be dismissed; but no appeal can be dismissed for insufficiency of the undertaking thereon if a good and sufficient undertaking, approved by a justice of the Supreme Court, be filed in the Supreme Court before the hearing upon motion to dismiss the appeal."

This section does not authorize the giving of an undertaking in this court in the first instance, only when an insufficient undertaking has been given in the court below within the time prescribed by law, and then the defect in the form or condition may be amended or remedied by filing a new amended undertaking in this court, on approval of a justice of the Supreme Court. This could be properly authorized as an amendment of a defective and insufficient proceeding, but no amendment of the first undertaking could be allowed here, because no undertaking had been given, and there was nothing to amend. The undertaking was not filed within the time required by the statute. It is therefore a nullity, as there was noting for it to operate on. In this, no attempt was made to file an undertaking on appeal from the order denying defendant's motion for a new trial within five days after service of notice of appeal, nor until after the expiration of three months thereafter. The undertaking and appeal could not in any event be

treated as an amendment to the undertaking on appeal from the judgment; nor does it purport to be so intended, but as an independent undertaking under another provision of the statute allowing appeals from an order denying defendant's motion for a new trial, and was filed three months after the right to appeal expired. To allow this undertaking to stand would be to allow a new appeal to be perfected after the time fixed by law, and contrary to the provisions of the statute.

We are of the opinion that an undertaking on appeal must in all such cases be filed within five days after the notice of appeal is filed and served, and if this is not done the appeal is ineffectual for any purpose, and this court has no jurisdiction to hear or determine this cause on appeal, nor to allow a new or amended undertaking to be filed after the statutory time had expired for filing an undertaking on appeal, where no such undertaking has been filed within the time prescribed by the statute. This view is fully sustained by numerous decisions in the supreme court of California, under statutes like those of Utah, as well as by the courts of this Territory. *Paving Co.* v. *Bolton,* 89 Cal. 154, 26 Pac. Rep. 650; *Schurtz* v. *Romer,* 81 Cal. 244, 22 Pac. Rep. 657; *People* v. *Fennel,* 4 Utah, 112, 7 Pac. Rep. 525, 648; *People* v. *Gough,* 2 Utah, 69; *Reed* v. *Kimball,* 52 Cal. 325; *Franks* v. *Smith,* 45 Mich. 326, 7 N. W. Rep. 906; *Shaw* v. *Randall,* 15 Cal. 385; *Horn* v. *Volcano W. Co.,* 18 Cal. 143; *Berniaud* v. *Beecher,* 74 Cal. 618, 16 Pac. Rep. 510; *Wood* v. *Pendola,* 77 Cal. 82, 19 Pac. Rep. 183; *Biagi* v. *Howes,* 63 Cal. 384; *Craig* v. *Seitz,* 63 Mich. 727, 30 N. W. Rep. 347. The attempted appeal from the judgment, and from the order denying defendant's motion for a new trial, is dismissed.

ANDERSON, J., and BLACKBURN, J., concurred.