[No. 15806.   In Bank.—April 6, 1895.]

## T. I. JANES, Respondent, v. J. A. BULLARD, Appellant.

Foreclosure — Inserting Untaxed Costs in Decree — Clerical Misprision—Validity of Order of Sale.—The action of the clerk in inserting in a decree of foreclosure the amount of costs as claimed by plaintiff, before the same had been taxed or ascertained, is a mere clerical misprision, not affecting the validity of the decree in other respects, nor invalidating the order of sale issued thereon, nor affecting the validity of the sale thereunder.

Id.—Amendment of Decree and Order of Sale—Taxation of Costs—Curing of Error.—The decree and order of sale, being merely erroneous in the insertion of costs before taxation, are amendable in that regard, and the subsequent action of the court in taxing the costs is, in effect, such an amendment, and cures the error, and, where the property is sold under the decree as modified by the taxation of costs, and only the costs taxed are collected, there is no prejudicial error.

Id.—Order of Sale not Premature—Frivolous Appeal—Damages.—The issuance of an order of sale before the taxation of costs is not premature, and an appeal taken after the taxation of costs from an order refusing to vacate the order of sale because the costs were inserted in the decree before taxation is without merit; and the order will be affirmed with damages.

Appeal from an order of the Superior Court of the City and County of San Francisco refusing to quash an execution.

The facts are stated in the opinion of the court.

*George D. Collins*, for Appellant.

Section 1035 of the Code of Civil Procedure prescribes the method by means of which costs become a part of the judgment, and in such a case the method constitutes the measure and limit of the power. (*Chapin*

v. *Broder*, 16 Cal. 418, 419.)   Unless the costs have been
waived, or there has been a failure to comply with the
provisions of section 1033 of the Code of Civil Proce-
dure, the judgment awarding costs, especially where, as
here, such costs are discretionary and not as of course
(Code Civ. Proc., sec. 1025), is necessarily incomplete,
imperfect, and inchoate and incapable of execution,
until the costs are "taxed or ascertained" and then
inserted in accordance with section 1035 of the Code
of Civil Procedure.   (*Andrews* v. *Welch*, 47 Wis. 136,
137; *Champion* v. *Plymouth*, 42 Barb. 443.)   The clerk
had no authority to insert the costs .until they were
taxed or ascertained.   (*Chapin* v. *Broder, supra.*)   The
execution was prematurely issued and is void.   (*Den*
v. *Morse*, 12 N. J. L. 331; *Fowlkes* v. *Poppenheimer*,
4 Lea, 422; *Weiss* v. *Chambers*, 50 Mich. 158; *Winslow*
v. *Hathaway*, 1 Pick. 211; *Albee* v. *Ward*, 8 Mass. 79; 1
Freeman on Executions, sec. 24; *Davis* v. *Robinson*, 10
Cal. 411.)   The fact that when the motion to quash was
made the execution, to the extent of the judgment, had
been satisfied is no defense, and therefore the superior
court erred in refusing to quash, on the ground that
defendant was not injured.   (*Pinckney* v. *Hegeman*, 53
N. Y. 31; *Page* v. *Coleman*, 9 Port. 275; 1 Freeman on
Executions, sec. 76.)

*George W. Schell*, and *E. M. Morgan*, for Respondent.

We claim that, as soon as the memorandum for costs
is filed and served as required by section 1033 of the
Code of Civil Procedure, the clerk may insert the same
in the judgment as "costs claimed" and "ascertained."
(*Riddell* v. *Harrell*, 71 Cal. 260.)   Any error in the judg-
ment, with respect to the amount of costs, could not be
modified or reversed on a motion to quash an execution,
or, as in this case, quash or set aside the certified copy
of the decree of foreclosure and order of sale, which
were in the hands of the sheriff for execution.   (See
*George* v. *Silva*, 68 Cal. 274; Hayne on New Trial and
Appeal, sec. 286.)   When the motion to quash herein

was made, the sale of the mortgaged premises had already taken place by the sheriff, and the execution could not, therefore, be quashed. (*Meder County* v. *Aringdale,* 43 Tex. 447.)

VAN FLEET, J.—This is an appeal from an order made after final judgment refusing to vacate and set aside an order of sale issued upon a decree of foreclosure, directing a sale of real property.

In our judgment the appeal is wholly without merit.

Assuming, as contended by appellant, that the action of the clerk in inserting in the decree the amount of the costs as claimed by plaintiff, before the same had been taxed or ascertained, was erroneous, it was a mere clerical misprision, which did not affect the validity of the decree in other respects. Nor did it make invalid the order of sale issued thereon. The latter was, like the decree, erroneous but not void, and the validity of the sale thereunder was not thereby affected. (*Newmark* v. *Chapman,* 53 Cal. 557.)

Being merely erroneous, both the decree and order of sale were amendable in that regard, and the subsequent action of the court in taxing the costs was, in effect, such amendment and a curing of the error. It was under the decree and order of sale as so modified that the property was sold, and only the amount of costs as taxed by the court was collected by the sheriff, so that appellant was in no way injuriously affected by the error complained of.

The contention of appellant that the order of sale was prematurely issued and therefore void cannot be sustained. (Code Civ. Proc., sec. 681; *Los Angeles County Bank* v. *Raynor,* 61 Cal. 146.)

The order is affirmed, with fifty dollars damages.

GAROUTTE, J., HARRISON, J., McFARLAND, J., and TEMPLE, J., concurred.

Rehearing denied.