[S. F. No. 2000.    In Bank.—October 6, 1899.]

CITY OF SAN LUIS OBISPO et al., Petitioners, v. A. F. FITZGERALD, City Treasurer, et cetera, Respondent.

MUNICIPAL ORDINANCE—CONSTRUCTION—LAW OF STATE.—A municipal ordinance, passed under the authority of an act of the legislature, has the force and effect of a law of the state, and is to be construed as such, the same as if its terms had been incorporated in the statute.

ID.—ORDINANCE FOR BOND ELECTION—FORM OF BALLOT MANDATORY.— In an ordinance passed pursuant to the act of March 19, 1889, submitting to the voters of a city the question of issuing bonds for certain municipal improvements, the provision for the form of the ballot and the mode of expressing the choice of the voters thereupon is mandatory, and a substantial departure therefrom will vitiate the election.

ID.—SAMPLE BALLOT—DEPARTURE OF BALLOT USED—DECEPTION OF VOTER.—The purpose of a sample ballot furnished to the voter is to instruct him as to the matter and form of the ballot to be cast, and he has a right to assume that the ballot used will conform to the sample. Where the sample furnished conforms to the ordinance, and the ballot furnished to be cast departs therefrom, the sample ballot, instead of being a guide to the voter, has a tendency to deceive him.

Id.—Suggestion to Voter upon Ballot Cast—Void Election.—Where the ordinance provided that each voter should indicate his wish by writing, or causing to be written or printed, upon his ballot the word "yes" or "no" opposite the proposition to be voted upon, each voter had the right to express his choice, free from the influence of any outside suggestion, and the printing by the city authorities of the word "yes" only in one column of the ballots used in voting was a substantial departure from the provisions of the ordinance in a material matter, which rendered the election void.

PETITION for writ of mandate from the Supreme Court to the Treasurer of the City of San Luis Obispo.

The facts are stated in the opinion of the court.

S. M. Swinnerton, for Petitioners.

A. F. Fitzgerald, Respondent in *pro. per.*

VAN DYKE, J.—This is an original application to this court for a writ of mandate to compel the treasurer of the city of San Luis Obispo to accept from the said D. J. Harris the purchase money for certain bonds of said city, and to issue to said Harris said bonds. The defendant's refusal is based upon the ground that the election held for the issuance of said bonds was illegal and void.

Any city, town, or municipal corporation is authorized to incur indebtedness to pay the cost of any municipal improvement, requiring an expenditure greater than allowed by the annual tax levy, whenever the legislative authorities of said city or town, by a two-thirds vote of the members thereof, shall determine that the public interest or necessity requires the same. (Act March 19, 1889, Stats. 1889, p. 399.) The act in question prescribes that an ordinance be passed by said city or town as therein specified, calling a special election to submit to the qualified voters thereof the proposition of incurring the debt for the purpose set forth in the ordinance, and provides that no question other than such proposition shall be submitted at that election; and it further requires that the votes of two-thirds of all the voters voting at such special election shall be necessary to authorize the issuance of the bonds provided for.

The city of San Luis Obispo, March 20, 1899, passed an ordi-

nance, numbered 107, set forth in the petition herein, requiring a special election under the act referred to, submitting to the voters of said city the proposition of incurring a debt and bonding the city for certain municipal improvements, namely, water works and sewers.    Section 6 of the ordinance reads as follows:

"The manner of holding said election shall be as follows: 1. As provided by law for holding elections in said city; 2. As provided by the general election laws of this state, except where such general laws may conflict with the state law for elections of the kind hereby called, or with this or any ordinance of this city; and 3. As provided for in this ordinance.    The voting for and against said indebtedness shall be as follows:    Tickets must be of ordinary election ticket paper, 6x12 inches (variations in size permitted as in said general election law); the heading of such tickets must be, 'Bond Election, City of San Luis Obispo'; each proposition set forth in section 2 of this ordinance shall be voted on separately, and must be printed on such tickets as follows:

"1. Bonding for City Water Works, $80,000.00.

"2. Bonding for Sewer Improvement, $36,000.00.

"Each voter shall indicate his wish by writing, or causing to be written, or printed, 'Yes' or 'No' on the right-hand margin on his ticket opposite the proposition on which he may desire to vote."

The statute delegates to the city the power to fix by its ordinance the time of holding the election, and the duty of prescribing the time and mode of voting for and against the proposition submitted.    Such ordinance, passed in pursuance of the statute, has the force and effect of a law of the state, and is to be construed as if its terms had been incorporated in the statute itself.    (*Murphy v. San Luis Obispo,* 119 Cal. 624.)    The ordinance in question was published as required therein, and, as shown by the petition, the clerk issued a notice for such election, and mailed to the registered voters of said city sample ballots.    These sample ballots were in accordance with the ordinance, and were as follows: "Each voter shall indicate his wish by writing, or causing to be written, or printed, 'Yes' or 'No' on the right-hand margin of the ticket, opposite the proposition on which he desires to vote."

BOND ELECTION.

· City of San Luis Obispo.

| 1. Bonding for City Water Works, ........................$80,000.00 | | |
|---|---|---|
| 2. Bonding for Sewer Improvement....................$36,000.00 | | |

The ballots, however, furnished to the voters to be used, and which were used at the said election, were as follows:

BOND ELECTION.

·   City of San Luis Obispo.

| 1. Bonding for City Water Works, ........................$80,000.00 | Yes | |
|---|---|---|
| 2. Bonding for Sewer Improvements..................$36,000.00 | Yes | |

It will be seen the ticket to be voted has added the affirmative of the proposition to be voted upon.   But it is claimed on behalf of petitioner that the sample ballot is not required in an election of the character in question, and it was, therefore, immaterial whether the ballot furnished corresponded with the sample ballot or not.   Still the voter had a right to assume that the ballot which was furnished him as he passed into the voting booth conformed to the sample ballot.   The very purpose of a sample ballot, when required or furnished to the voter, is to instruct him as to the matter and form of the ballot he is about to cast.   In this case, the sample ballot, instead of being a guide to the voter, would have a tendency to deceive him.

The ordinance plainly indicated, aside from the sample ballot, that the proposition submitted to the voter was whether he would insert "Yes" or "No" after each of the propositions, and left him entirely at liberty to exercise his preference without being influenced or handicapped by any preference being indicated on the ticket one way or the other.   It is said the voter might, while in the booth, erase the "Yes" and insert "No."   In *Murphy v. San Luis Obispo, supra,* the ordinance, as in this case, directed that the voter should indicate his wish by writing, or causing to be written, or printed, "Yes" or "No" on the right-hand

margin of his ticket, but the ticket as furnished provided for a stamp or cross in the square of the right hand. It was held in that case that such departure from the directions of the ordinance rendered the election invalid, the court saying: "Whatever the statute requires the form to be is mandatory." (See, also, *Tebbe v. Smith*, 108 Cal. 101; 49 Am. St. Rep. 68.)

Under the statute and the ordinance in this case, passed in pursuance thereof, it was the right and privilege of the voter to express his choice by inserting the word "Yes" or "No" at the right hand of the proposition placed on his ticket, entirely free and untrammeled from outside interference by writing or printing thereon any direction or suggestion as to how he should vote.

It was, therefore, not only highly improper and irregular to have the ticket printed and furnished the voters as they were in this case, but it was a substantial departure from the provisions of the ordinance in a material matter, and hence rendered the election void.

Writ denied.

Harrison, J., Henshaw, J., Garoutte, J., and Beatty, C. J., concurred.

Temple, J., concurred in the judgment.