[Civ. No. 5263. Second Appellate District, Division Two.—September 19, 1927.]

ISADORE WEISMAN et al., Respondents, v. BOARD OF BUILDING AND SAFETY COMMISSIONERS OF THE CITY OF LOS ANGELES et al., Appellants.

Jess E. Stephens, City Attorney, and Charles B. MacCoy and Herman Mohr, Deputy City Attorneys, for Appellants.

Barry & Dillon and John J. Dillon for Respondents.

CRAIG, Acting P. J.—The respondents herein petitioned the superior court for an order to compel the Board of Building and Safety Commissioners of the City of Los Angeles and the chief inspector of that board to issue a permit to erect a building on certain real property situated in said city. Appellants, although given legal notice, made no appearance by answer or demurrer. However, at the time of the hearing on the petition, through their attorney, the city attorney of Los Angeles, they appeared in open court and stated that they had no defense. The court then duly viewed the papers, received evidence on the hearing of the alternative writ which had previously been issued, and gave judgment for the issuance of a peremptory writ as prayed. This hearing took place on the eleventh day of August, 1925, and the court announced its judgment at that time. The formal judgment was not filed until the nineteenth day of the same month. In the meantime, and on the seventeenth day of August, appellants served and filed their notice of appeal "from the judgment, order and decree, and from the whole thereof rendered in the above-entitled court on the 11th day of August, 1925, in favor of the plaintiffs in said action and against the said defendants."

It is claimed that this judgment was granted by default. This obviously is not true. The judgment recites, and there is nothing in the record to impeach the statement, that the court reviewed the petition and "heard and considered the evidence." Furthermore, appellant appeared by attorney, and judgment was rendered upon the hearing as prescribed by section 1095 of the Code of Civil Procedure. (*Pereria* v. *Wallace*, 129 Cal. 397 [62 Pac. 61].)

Appellants quote authority that *mandamus* is not to be permitted to compel the performance of acts which could not legally be done. There is nothing in the record to show that such would be the case in this instance. The same answer makes it unnecessary to consider cases to the effect that *mandamus* will not issue where its result would be inequitable or unjust.

Appellants argue that an ordinance is not a law within the meaning of section 1085 of the Code of Civil Procedure, but this has no foundation. It was decided to

the contrary in the early case of *Pimental* v. *San Francisco,* 21 Cal. 351. The same rule has been recognized in subsequent cases, among them *City of San Luis Obispo* v. *Fitzgerald,* 126 Cal. 279 [58 Pac. 699].

■ Finally, appellants argue that the peremptory writ of mandate was unlawfully and improvidently issued, because it preceded the entry of the formal judgment on the nineteenth day of August. Appellants themselves have treated the judgment as having been made on the eleventh day of August, for their notice of appeal expressly states that it is taken from the judgment rendered on that day.

Appellants' argument in this behalf has no bearing upon the merits of the appeal. If the order made on the 11th of August directing the issuance of a peremptory writ is appealable and this appeal be regarded as taken therefrom, it is apparent that the complaint concerning the issuance of the peremptory writ does not affect the regularity or legality of the judgment. If for the sake of argument we accept appellants' contention that the peremptory writ was issued prematurely, the judgment would not be invalid because subsequently to its announcement the peremptory writ was thus improvidently issued; the writ might be quashed, but the judgment would be unaffected. On the other hand, if the only appealable judgment herein is the written one based upon the court's findings and entered on August 19th, and if this appeal under the authority of *Estate of Stone,* 173 Cal. 675 [161 Pac. 258], be regarded as taken from this latter judgment, it would remain unimpaired by reason of the fact, if it be one, that the peremptory writ was issued too soon. In a word, neither the final judgment entered on August 19th, nor the decision of the court announced on August 11th, can be involved through an attack upon the writ of *mandamus.*

There is a further reason why appellants' argument in this behalf has no merit. It is provided in section 1095 of the Code of Civil Procedure that in mandate proceedings if judgment is given for the applicant a peremptory writ must issue without delay. The purpose of *mandamus* is to provide a speedy remedy. The judgment was given—that is, rendered—on August 11th. It is mandatory that the peremptory writ issue ''without delay,'' that is, immediately.

In this respect the practice provided by law in *mandamus* differs from that in civil actions, hence the sections of title VIII of part II of the Code of Civil Procedure do not control, and since the decision of a court when announced is a judgment (*Schurtz* v. *Romer*, 81 Cal. 244 [22 Pac. 657]), a peremptory writ may and should issue immediately upon its rendition.

The judgment is affirmed.

Thompson, J., concurred.

COLLIER, J., *pro tem.*—I concur in the judgment of affirmance. "It has been held by this court that there is a material difference between the *rendition* and the *entry* of a judgment. A judgment is rendered when it is announced by the court. It is entered when it is actually entered in the judgment book." (*Schurtz* v. *Romer*, 81 Cal. 244, 247 [22 Pac. 657].)

"The enforcement of a judgment does not depend upon its entry or docketing. These are merely ministerial acts. . . . " (*Los Angeles County Bank* v. *Raynor*, 61 Cal. 145, 147. See, also, *Otto* v. *Long*, 144 Cal. 144, 146 [77 Pac. 885]; *Janes* v. *Ballard*, 107 Cal. 130, 132 [40 Pac. 108].)